John E. Ottaway, Appellant, *v.* Mary Ann Lowden, Respondent.

Public Health Law — L. 1893, Ch. 661, § 148, Curing Defects in Imperfect Registration of Physicians, Retroactive. Where a physician, who came from another state and possessed all the qualifications required by the statute for the practice of medicine in this state, upon his registration in 1886, through inadvertence, omitted to file with his affidavit the indorsement of a medical school in the state, as required by the statute (L. 1880, ch. 513, § 4), the effect of which was to render the registration imperfect, the registration in 1899 of a regents' certificate curing the defect, issued pursuant to section 148 of the Public Health Law (L. 1893, ch. 661), validates the original registration from the date of its filing, wipes out all liability to prosecution for the various misdemeanors committed by him in practicing during the time of imperfect registration, and renders legal his contracts of employment.

*Ottaway* v. *Lowden*, 55 App. Div. 410, reversed.

(Argued June 27, 1902; decided October 7, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 24, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the Monroe County Court and an order denying a motion for a new trial.

Plaintiff brings this action to recover the value of certain services rendered by him as a physician and surgeon in behalf of defendant. Plaintiff was graduated from the University of Michigan at Ann Arbor in 1886, and received a diploma from that institution bearing date the first day of July in that year.

Shortly thereafter he removed to this state and commenced practicing at Penn Yan in Yates county. On October 8, 1886, he filed with the county clerk an affidavit stating his age, residence, place of birth and authority for practicing as required by section 2, chapter 513, Laws of 1880. But he omitted to accompany such affidavit with the indorsement of the faculty of a medical school of this state, required by section 4 of the same chapter, in consequence of which the affidavit was confessedly insufficient.

9

In 1889 plaintiff removed to Charlotte, in Monroe county, and on the 18th day of November in that year he presented to the county clerk a certified copy of the affidavit filed by him with the clerk of Yates county with these words indorsed thereon : " Registered also in the County of Monroe."

The services sued for here were rendered in 1894. In 1899, plaintiff, having discovered that his former registration was imperfect, applied to the board of regents for a certificate which should cure such imperfection. This application was granted, and on February 14, 1899, a regents' certificate was filed in the clerk's office of Monroe county. This certificate, which was based upon the recommendation of the state board of medical examiners, bearing date January 17, 1899, reads as follows, viz. :

" The Regents of the University of the State of New York hereby certify :

" That John E. Ottaway, of the Village of Charlotte, N. Y., did in the year 1886 present to the County Clerk of Yates County, N. Y., an M. D. diploma issued to said Ottaway by the University of Michigan, July, 1886, and that he made the affidavit before the said Clerk then required of persons who applied for licenses to practice medicine and that said affidavit was duly filed in the office of the Clerk of Yates County.

" That thereafter, on the 18th day of November, 1889, the said John E. Ottaway presented to the Clerk of the County of Monroe, N. Y., a certified copy of the affidavit filed by him with the clerk of Yates County, who endorsed thereon the words ' Registered also in the County of Monroe.'

" That said attempted registration of Dr. Ottaway in each of the said counties was invalid for the reason that he had not exhibited his diploma to the faculty of some duly incorporated medical school or college in this state and received from them an indorsement of approval and has not presented his diploma with such indorsement to the County Clerk of Yates County ; that such omission was wholly unintentional.

" We further certify that Dr. Ottaway had all the other requirements prescribed by law at the time of his imperfect

registration and would have been entitled to be legally registered.

"We also certify that proof of the foregoing facts have been submitted to the State Board of Medical Examiners and that they have unanimously recommended that the imperfect registration of said John E. Ottaway in the counties of Yates and Monroe be made valid.

"In witness whereof the seal of the University of the State [L. S.] of New York is hereunto affixed this 2nd day of February, 1899.

"JAMES RUSSELL PARSONS, Jr.,
"*Deputy Secretary.*
"Certified by Herbert J. Hamilton,
"*Examiner.*"

This certificate was issued pursuant to section 148, chapter 661, Laws of 1893, known as the "Public Health Law."

The trial court granted a nonsuit which was affirmed at the Appellate Division, and from that judgment the plaintiff appeals to this court.

*Patrick J. Dobson* for appellant. Section 148 of the Public Health Law authorizes the correction of an imperfect registration. If this has been done it does not matter whether or not the plaintiff possessed a license. Having a correct registration he needs nothing more. (*Stief* v. *Hart*, 1 N. Y. 20; *Mayor* v. *Sands*, 105 N. Y. 210; *People* v. *Chapin*, 105 N. Y. 309; *Whitaker* v. *Masterton*, 106 N. Y. 277; *Mayor* v. *Bigelow*, 13 Misc. Rep. 42.) The regents and state medical board had jurisdiction of the subject-matter; therefore their certificate is conclusive. It cannot be attacked in this action. (*People* v. *N. Y. M. C. & Hospital*, 20 N. Y. Supp. 379; *State* v. *Gregory*, 83 Mo. 123; *People* v. *Dental Examiners*, 110 Ill. 180; *Van Fleck* v. *Board Dental Examiners*, 48 Pac. Rep. 223; *Vanderheyden* v. *Young*, 11 Johns. 158; *People* v. *Trustees*, 39 N. Y. Supp. 611; *People* v. *Beady*, 166 N. Y. 47; *Matter of Walker*, 68 App. Div. 196; *People* v. *Board of Health*, 140 N. Y. 1; *Osterhoudt* v.

*Rigney,* 98 N. Y. 234.) Assuming that the court may attack the certificate of the regents collaterally, which is denied, the language of the statute authorizes the correction of the errors in appellant's registration. (*People* v. *Potter,* 47 N. Y. 375; *Weed* v. *Tucker,* 19 N. Y. 422; *Dayton* v. *Johnson,* 69 N. Y. 419; *Berger* v. *Varrelmann,* 127 N. Y. 281; Potter's Dwarris on Stat. 231; Black on Interp. of Laws, 307; *Blashko* v. *Wurster,* 156 N. Y. 437; *Whitaker* v. *Masterton,* 106 N. Y. 277; *Raynard* v. *Chase,* 1 Burr. 2; *Weed* v. *Tucker,* 19 N. Y. 433; *Stief* v. *Hart,* 1 N. Y. 20; *Mayor, etc.,* v. *Sands,* 105 N. Y. 210; *People* v. *Chapin,* 105 N. Y. 309.) The provision of section 148 in question is retroactive, makes the registration valid.from the date it was made, and authorizes a recovery for services rendered since the erroneous registration. (Black on Interp. of Laws, 261; 1 Kent's Comm. 455; *People* v. *Spicer,* 99 N. Y. 299; *Whitaker* v. *Masterton,* 106 N. Y. 277; Cooley's Const. Lim. [6th ed.], 464; *Ewell* v. *Daggs,* 108 U. S. 143; *Gross* v. *U. S. Mfg. Co.,* 108 U. S. 477; *W. W. V. W. Co.* v. *Valette,* 21 How. Pr. 414; 2 Beach on Contracts, § 2120; *Curtiss* v. *Leavitt,* 15 N. Y. 9; *Washburn* v. *Franklin,* 35 Barb. 599.) The equities of the case are with appellant. (*Weed* v. *Tucker,* 19 N. Y. 433; *People* v. *Spicer,* 99 N. Y. 229; *Whitaker* v. *Masterton,* 106 N. Y. 277; *N. Y. & N. H. R. R. Co.* v. *Schwager, Cross & Co.,* 17 N. Y. 604; *Wiles* v. *Suydam,* 64 N. Y. 178; *People* v. *Chapin,* 105 N. Y. 309; *People* v. *Connor,* 95 N. Y. 559.)

*John Desmond* for respondent. The plaintiff failed to show that he had a license to practice physic and surgery in the state of New York at the time of making the alleged contract with the defendant, and he, therefore, failed to prove the essential part of his cause of action. It follows the nonsuit was properly granted. (L. 1880, ch. 513, §§ 2, 4; L. 1884, ch. 411; L. 1887, ch. 647, §§ 1, 2, 10; L. 1890, ch. 500, § 2; L. 1893, ch. 661, §§ 140, 148; *Johnston* v. *Dahlgren,* 166 N. Y. 354; *Fox* v. *Dixon,* 34 N. Y. S. R. 710; *Accetta* v.

*Zupa*, 54 App. Div. 34 ; *O'Connor* v. *Francis*, 42 App. Div.
375 ; *Demming* v. *Young*, 50 L. R. A. 103.) A physician
must not only be duly licensed, but he must register that
license or he cannot recover for services in an action. (*John-
ston* v. *Dahlgren*, 166 N. Y. 354.) Neither the regents nor
the state medical board had any jurisdiction to entertain a
proceeding to make valid a license, but their jurisdiction was
limited to a proceeding to correct an invalid registration,
which was invalid because of an omission to comply with
some provision of law relating to registration. ( *Warren* v.
*Union Bank*, 157 N. Y. 274 ; *County of Monroe* v. *City of
Rochester*, 154 N. Y. 570 ; *Baird* v. *Board of Suprs.*, 138
N. Y. 95.) The provision in section 148, relative to the cor-
rection of an invalid registration, will not be given a retro-
active effect, and it certainly will not permit the regents to
supply plaintiff with a license which will be given a retro-
active effect. (*G. & W. R. R. Co.* v. *N. Y. C. & H. R. R.
R. Co.*, 163 N. Y. 228 ; *N. Y. & O. M. R. R. Co.* v. *Van
Horn*, 57 N. Y. 473 ; *O'Connor* v. *Francis*, 42 App. Div.
375 ; *Fox* v. *Dixon*, 34 N. Y. S. R. 710 ; *Demming* v.
*Young*, 50 L. R. A. 103.)

PARKER, Ch. J. The question which divided the court
below is a very close one indeed, involving the inquiry
whether § 148, ch. 661, Laws of 1893, is retroactive in its
operation. The statute provides, among other things, that
" On receiving from a state board an official report that an
applicant has successfully passed the examinations and is
recommended for license, the regents shall issue to him, if
in their judgment he is duly qualified therefor, a license
to practice medicine. * * * If any person, whose regis-
tration is not legal because of some error, misunderstand-
ing or unintentional omission, shall submit satisfactory proof
that he had all requirements prescribed by law at the time of
his imperfect registration and was entitled to be legally regis-
tered, he may, on unanimous recommendation of a state board
of medical examiners receive from the regents under seal a

certificate of the facts which may be registered by any county clerk and *shall make valid the previous imperfect registration.*"

The query is whether the effect of the registration of such a regents' certificate curing defects in an imperfect registration, validates the original registration from the date of its filing, or from the date of the filing of the later certificate. If the former be its legal effect, it wipes out all liability to prosecution for misdemeanors committed by one practicing during the time of imperfect registration, and renders legal the practitioner's contracts of employment. If the latter construction be the true one, his practice is legal only from the date of the filing of the later certificate, and he remains liable to be punished for such misdemeanors, for the statute provides that to practice without such registration as it calls for is to commit a misdemeanor.

The facts of this case, so far as we need consider them, are . that plaintiff attempted to make registration as required by the statute and failed ; but, assuming that he was correctly registered he proceeded with the practice of medicine, in the course of which he rendered services to defendant, to recover the value of which this action is brought. A short time thereafter he obtained from the regents a certificate which both the majority and minority opinions below assume, and correctly, as we think, made valid the previous imperfect registration.

We are persuaded that the statute operated to give life to the imperfect certificate from the date of its filing, and, hence, authorized the plaintiff to recover for all services rendered after its filing, and freed him from the various misdemeanors as well.

The object of the comprehensive statutes of which the section quoted from forms a part is not to provide a trap for the *bona fide* and competent physician who, through inadvertence or ill advice, fails to secure a perfect registration, but to shut out from the practice of medicine those whose lack of knowledge of the human body and ignorance touching methods of treat-

ment render their attempts to make diagnosis and prescribe treatment a menace to society.

Not only is the standard very high for those who are admitted to the practice of the profession by the authorities of this state, but the statutes attempt to guard against any practicing in this state by unskillful and improper practitioners coming from sister states, and to that end it is required that if a practitioner holds a diploma issued to him by a medical school without the state he shall exhibit the same to the faculty of some medical school of this state with satisfactory evidence of his good moral character, and such other evidence of his qualifications as a physician or surgeon as said faculty may require, and if approved they shall indorse the diploma, which makes it the same as if issued by them. (§ 4, ch. 513, Laws of 1880.) And a later statute provided for such approval and indorsement by the regents on recommendation of a board of medical examiners of this state. (§ 2, ch. 647, Laws 1887.)

These acts and later ones (Ch. 500, Laws of 1890; ch. 661, Laws of 1893), amending the law in some respects, show throughout an intent on the part of the legislature to protect the people from imposition by the unlearned and unskillful who may nevertheless obtain from institutions in other states diplomas purporting to assure competency. To that end the certificate of the board of regents, based upon the unanimous recommendation of a board of medical examiners, is exacted, and the requirements of license and registration are insisted upon, and *not* for the purpose of bringing within the penalties of the statutes a physician coming from another state possessed of all the qualifications which the statutes require.

As experience teaches that mistakes are sometimes made in attempting to comply with statutes, especially by those whose training may be in other directions than the law, the legislature has undertaken to provide a method by which imperfect registration may be corrected by the same authorities who acted in the first instance; and as the object of the section authorizing the correction is only to make such corrections as are due to " some error, misunderstanding or unintentional

omission," there is no good reason why the legislature should not provide that the correction shall operate as of the date when the "imperfect registration" took effect, thus wiping out the penalties which the statute imposed to better secure its enforcement. If such was not the intention of the legislature, a much shorter and differently worded section authorizing him to again take the steps which the statute required in the first instance would undoubtedly have been enacted. Instead of that, as we have seen from a reading of the section, the legislature seems to have provided for so correcting the imperfect registration as to give it the same effect as if it had been perfect in the first instance. It speaks as of the time when the imperfect registration was made, for it requires the applicant for correction to submit "satisfactory proof that he had all the requirements prescribed by law." When? Not at the time of the application for correction, but "at the time of his imperfect registration." And it requires him to show, not that he is now entitled to be legally registered, but that he was so entitled at the time of the filing of the imperfect registration. And then the portion of the section covering that subject concludes with the provision that upon this proof and upon receiving from the regents, under seal, a certificate of the facts, based upon the unanimous recommendation of the state board of medical examiners, which certificate may be registered by any county clerk, it "*shall make valid the previous imperfect registration.*" This phrase, as it seems to us, when considered in connection with the general scheme of the statute, and the fact that all of the applicant's proofs must go to show that he was entitled to be registered at the time of his imperfect registration, means that that which was once imperfect and invalid shall become perfect and valid as of the beginning.

The judgment should be reversed and a new trial granted, with costs to abide the event.

O'BRIEN, BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.