(120 App. Div. 20)

**PEOPLE v. SOMME.**

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. PHYSICIANS AND SURGEONS—PRACTICING WITHOUT AUTHORITY.

In a prosecution of a defendant for illegally assuming and advertising himself to be a doctor and M. D. in such manner as to create the impression that he was a legal practitioner of medicine, evidence *held* to sustain a conviction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Physicians and Surgeons, § 10.]

2. SAME—PRACTICING WITHOUT LICENSE.

The words "without having legally received the medical degree," in section 153 of the public health laws (Laws 1893, p. 1547, c. 661, as amended by Laws 1895, p. 257, c. 398, and Laws 1905, p. 994, c. 455), providing that one shall be guilty of misdemeanor who shall append the letters "M. D." to his name or assume or advertise the title of doctor, so as to convey the impression that he is a legal practitioner "without having legally received the medical degree," or without having received a necessary license, mean without having received a medical degree such as legally entitled the holder to practice.

3. SAME—CRIMINAL LIABILITY.

Under the statutes a doctor coming from another state, or holding a degree of a medical school in another state, cannot hold himself out or advertise in such a manner as to convey the impression that he is a legal practitioner of the profession, unless duly and legally licensed and admitted to practice under the laws of the state, without being guilty of a misdemeanor.

Ingraham, J., dissenting.

Appeal from Court of Special Sessions, New York County.

Joseph Somme was convicted of illegally holding himself out as a doctor, and appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Willard G. Stanton, for appellant.

William T. Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), for respondent.

CLARKE, J. Defendant was convicted by the Court of Special Sessions for a violation of section 153 of the public health laws (Laws 1893, p. 1547, c. 661, as amended by Laws 1895, p. 257, c. 398, and Laws 1905, p. 994, c. 455), in that on the 3d of April, 1906, in the county of New York, he did unlawfully, without having legally received a medical degree, and without having received a license according to law which constituted at the time an authority to practice medicine under the laws of this state then in force, then and there assume and advertise the title of "Dr." and "M. D." in such a manner as to convey the impression to one Katie Farenga that he, the said Joseph Somme, was then and there a legal practitioner of medicine.

The evidence showed that there was a sign in the defendant's window, "Dr. Somme, Osteopath," and on the bell, "Dr. J. Somme." The complainant testified that she said to defendant: "Are you Dr. Somme?" He said, "Yes." She then described her condition to him. The defendant asked some questions, and, in reply to her query, "Can you do anything for me?" said: " 'Yes; I can perform an operation.' I said: 'Cannot you give me some medicine?' He said: 'No; medicine will do no good.' I told him I was afraid of an operation. He said: 'The only thing for you is a good scientific operation.' " The defendant handed her his card, which read: "Dr. Somme, 334 Central Park West, between 93rd and 94th streets, New York. Hours: 12–5, and by appointment." She said: "How much do you charge for an operation? He said: 'I charge $50; but, seeing you are not a rich woman, I will charge you only $25.' " Upon another occasion she saw him again, and after a conversation left $2 on deposit. She saw him a third time and asked to have her husband present at the operation. He said:

"This is absurd. I could not permit any one to witness an operation like that. Don't you know I could get myself into trouble? I could not permit such a thing. My patients do not even tell their husbands about it."

The defendant advertised in the newspapers as follows:

"Dr. J. Somme, Osteopath. Specialist for all chronic difficult diseases. Safe, scientific treatment. 334 Central Park West, near 93rd street."

To another witness defendant said he was a specialist, and wanted to perform an operation for $25 and said the advertisement was his. The defendant testified in his own behalf:

"I attended a medical school in Indianapolis called the 'College of Medicine and Midwifery.' I am a graduate in medicine. I attended the regular sessions there. I passed an oral and written examination. I received a diploma as doctor of medicine. I attended the final examination."

He admitted that he had seen the first witness upon two occasions. Section 153 of the public health laws (chapter 661, p. 1547, Laws 1893, as amended by chapter 398, p. 257, Laws 1895, and by chapter 455, p. 994, Laws 1905) provides that:

"Any person who shall append the letters M. D. to his or her name (or shall assume or advertise the title of doctor, or any title which shall show or tend to show that the person assuming or advertising the same is a practitioner of any of the branches of medicine), in such a manner as to convey the impression that he or she is a legal practitioner of medicine, or any of its branches without having legally received the medical degree, or without having received a license which constituted at the time an authority to practice medicine under the laws of this state then in force, shall be guilty of a misdemeanor."

It is established by the cases in this state that in a prosecution against one for practicing without a license the burden is on the defendant to show that he has been duly licensed or comes within the exemptions provided by the statutes. 22 Am. & Eng. Enc. p. 787. "The obligation rests upon him to prove either registration or license to practice, else he stood without any defense. The law cast this burden upon him." People v. Rontey (Sup.) 4 N. Y. Supp. 235, affirmed 117 N. Y. 624, 22 N. E. 1128, on opinion below; Suffolk County v. Shaw, 21 App. Div. 146, 47 N. Y. Supp. 349. It was admitted that the defendant possessed the diploma of a medical school in Indianapolis called the "College of Medicine and Midwifery." He did not produce or offer to produce any other authority for the assumption and use of the title of "Dr." or "M. D." The gravamen of the section of the statute under which he was prosecuted is that he should not assume or advertise that title in such a manner as to convey the impression that he was a legal practitioner of medicine. The evidence was sufficient as to the manner of the use. Putting up a sign, advertising as a specialist for all chronic, difficult diseases, discussing symptoms with a proposed patient, advising an operation, and receiving money in part payment in advance therefor are facts establishing an invitation to the public to come to him for medical treatment, and clearly convey the impression that he was a legal practitioner of medicine or some of its branches.

The question involved in the case at bar is: What do the words "without legally having received the medical degree" mean? The answer requires a careful examination of the public health laws. Chapter 661, p. 1541, of the Laws of 1893, as amended by chapter 398, p. 257, of the Laws of 1895, and by chapter 455, p. 994, of the Laws of 1905, in section 140, provides that:

"No person shall practice medicine after September 1, 1891, unless previously registered and legally authorized or unless licensed by the Regents and registered as required by this article."

Section 145 provides for the admission of candidates for examination for the license to practice medicine, and provides that the candidate must present satisfactory evidence that he is (1) of lawful age; (2) of good moral character; (3) has the proper preliminary education necessary to receive the degree of bachelor or doctor of medicine in this state; (4) that he has studied medicine for a prescribed period of time in a medical school registered as maintaining at the time a satisfactory standard; and (5) that he has either received the degree of bachelor or doctor of medicine from some registered medical school (that is, under the definition at the head of the article, a medical school,

college, or department of the University registered by the regents as maintaining a proper standard and as legally incorporated), or a diploma or license conferring full right to practice medicine in some foreign country.

Section 148 provides that:

"On receiving from a state board [that is, a board of medical examiners of the state of New York], an official report that an applicant has successfully passed the examination and is recommended for license, the regents shall issue to him, if in their judgment he is duly qualified therefor, a license to practice medicine."

Sections 149 and 150 provide for registration of the license in the county where the licensee intends to practice before commencing practice.

Section 151 provides that:

"Hereafter no person shall register any authority to practice medicine unless it has been issued or endorsed as a license by the regents. No such registration shall be valid unless the authority registered constituted, at the time of registration, a license under the laws then in force. No diploma or license conferred on a person not actually in attendance at the lectures, instruction, examinations of the school conferring the same, or not possessed, at the time of its conferment, of the requirements then demanded of medical students in this state as a condition of their being licensed so to practice and no registration not in accordance with this article shall be lawful authority to practice medicine."

This law is a codification of the previous laws bearing upon the subject. From an examination of the history of the growth of this legislation and the provisions hereinbefore alluded to, it follows that no person is now a legal practitioner in the state of New York unless he comes within one of these three classes: First, those who registered diplomas prior to 1890; second, those who registered licenses since 1890; and, third, a small class who received certificates from the censors of medical societies under chapter 436, p. 556, of the Laws of 1874—because section 140, supra, provides that no person shall practice medicine after September 1, 1891, unless previously registered and legally authorized, or unless licensed by the regents and registered as required by this article (article 8 of the public health law).

This defendant is not within any of the three classes. His claim is that he has a degree of M. D. from an Indiana college. If it be conceded that the college was a legitimate institution with power to grant the degree, yet that degree is worthless as a license to practice medicine in New York, and is worthless as a preliminary requirement to take the regents' examination for a license. By the legislation referred to a medical school diploma conferring the title "M. D." does not serve as a license to practice medicine in New York. Its holder is required to pass the regents' examinations. He cannot be admitted to the examination unless he has received the degree from some institution approved by the regents. If he succeeds in the regents' examination, a regents' license is issued, which is the sole authority to practice medicine and which must be registered in the county clerk's office before beginning practice. Therefore, when we consider that the statute prohibits the assumption or advertisement of the title of "Dr." in such a manner as to convey the impression that he or she is

a legal practitioner of medicine or any of its branches, without having legally received the medical degree, the words "without having legally received a medical degree" are meaningless unless interpreted as meaning "having received a medical degree such as legally entitled the holder to practice."

It is now the settled policy of the state to hedge admission into the learned professions with strict requirements in order to secure, so far as possible, competent services to patients and clients from physicians and lawyers, and the statutes in regard to admission to the bar, as well as to the practice of medicine, have, to some extent, gone hand in hand. Formerly the degree from the law school or the medical school in and of itself entitled the holder to admission to practice. Now in both professions it is merely a preliminary to examination. Light is thrown upon the legislative intent in the prohibitions in this statute of assumption and advertisement of the title "M. D." or "Dr.," by the cognate statute in reference to lawyers. Section 4 of chapter 165, p. 311, of the Laws of 1898, provides that:

"On and after January 1st, 1899, it shall be unlawful for any person to practice or appear as attorney, * * * to hold himself out to the public as being entitled to practice law as aforesaid, or to assume to be an attorney or counsellor at law, or to assume, use or advertise the title of attorney and counsellor at law, or attorney at law, or counsellor at law, or attorney or counsellor or attorney and counsellor or equivalent terms in any language in such manner as to convey the impression that he is a legal practitioner of law or in any manner to advertise that either alone or together with any other person or persons, has, owns, conducts or maintains a law office or law and collection office, or office of any kind for the practice of law, without having first been regularly and duly licensed and admitted to practice law in the court of record of this state."

The words "in such manner as to convey the impression that he is a legal practitioner of law" are similar to the words of the statute under consideration, "in such a manner as to convey the impression that he or she is a legal practitioner of medicine." Neither the lawyer nor the doctor coming from another state, or holding a degree of a law or medical school in another state, can hold himself out or advertise in such a manner as to convey the impression that he is a legal practitioner of either profession, unless duly and legally licensed and admitted to practice in this state under our laws, without being guilty of a misdemeanor.

As said by the Court of Appeals in Ottaway v. Lowden, 172 N. Y. 129, 64 N. E. 812, in reviewing the public health laws:

"These acts * * * show throughout an intent on the part of the Legislature to protect the people from imposition by the unlearned and unskilful who may, nevertheless, obtain from institutions in other states diplomas purporting to assure competency. To that end the certificate of the board of regents, based upon the unanimous recommendation of a board of medical examiners, is exacted, and the requirements of license and registration are insisted upon. * * *"

I think this defendant comes within the spirit and the letter of the statute, and that the judgment of conviction was proper.

The judgment appealed from should therefore be affirmed. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). The information alleges that the defendant, "without having legally received a medical degree, and without having received a license according to law which constituted at the time an authority to practice medicine under the laws of this State then in force, did then and there assume and advertise the title of 'Dr.' and 'M. D.' in such a manner as to convey the impression to one Katie Farenga that he, the said Joseph Somme, was then and there a legal practitioner of medicine, in that he, the said Joseph Somme, did then and there state to the said Katie Farenga that he was then and there a physician and being addressed as 'Dr. Somme' did respond to the said title and name, and did permit, suffer, cause, and procure himself to be called 'Dr.' and on a window in certain premises there, commonly called No. 334 Central Park West, did have a certain sign and writing in words following, to wit: 'Dr. and Mrs. Somme.'" The prosecution is based upon section 153 of the public health law (chapter 661, p. 1547, Laws 1893, as amended by chapter 398, p. 257, Laws 1895, as amended by chapter 455, p. 994, Laws 1905). That section provides that:

"Any person who shall append the letters M. D. to his or her name (or shall assume or advertise the title of doctor or any title which shall show or tend to show that the person assuming or advertising the same is a practitioner of any of the branches of medicine), in such a manner as to convey the impression that he or she is a legal practitioner of medicine, or any of its branches without having legally received the medical degree, or without having received a license which constituted at the time an authority to practice medicine under the laws of this state then in force, shall be guilty of a misdemeanor."

The section also provides a penalty for practicing medicine within this state by one who is not lawfully authorized and so registered according to law; a penalty for any person who shall fraudulently obtain a medical diploma or shall practice medicine under cover of a medical license illegally or fraudulently obtained; and also a penalty for one who, after conviction of a felony, shall attempt to practice medicine.

If this charge had been one of practicing medicine in violation of the public health law, a different question would have been presented. As I read the section, however, the prohibition against a person assuming or advertising the title of "Dr." in such a manner as to convey the impression that he or she is a legal practitioner of medicine only applies where the person has not legally received the medical degree, or has not received a license which constituted at the time an authority to practice medicine under the laws of this state. A person who has legally received a medical degree is not prohibited from calling himself a doctor because he had not also been authorized to practice medicine. The construction given to this section by the prevailing opinion treats the words "without having legally received the medical degree" as synonymous with the second clause, so that under this construction any foreign physician coming to this state and appending to his name the letters "M. D.," unless he had received a license which authorized him to practice medicine in this state, would be guilty of a misdemeanor, a construction which seems to me to be at variance with the

express intention of the legislature. A person has "legally received the medical degree" when that degree has been conferred upon him by an institution authorized by law to grant the degree of doctor of medicine. Section 148 of the public health law provides for a license to practice medicine, and section 153 prohibits any one from practicing medicine in this state without having obtained such a license. But a person is entitled to call himself a doctor if he has received such a license, or if he has legally received the medical degree. A legal degree as doctor of medicine seems to me to mean one issued by an institution authorized by the law creating it to issue such degrees. I think, therefore, that this defendant was entitled to show that he had legally received the medical degree, and the degree that he offered in evidence, together with the proof that the institution which had conferred it, was an institution lawfully authorized to grant a degree, having been excluded, constituted error which requires a reversal of the judgment.

A clear distinction between them is necessary to entitle a person to practice medicine, and what justifies a person in assuming the title of doctor of medicine seems to me to have been entirely lost sight of in the prevailing opinion. There is nothing to justify the construction that a degree of doctor of medicine, in order to be legal, must have been issued by a medical school registered by the regents as maintaining a proper standard and as legally incorporated. The mere fact that a degree produced by the defendant "is worthless as a license to practice medicine in New York, and is worthless as a preliminary requirement to take the regents' examination for a license," may be conceded; but it does not at all follow that it is worthless to justify him in appending the letters "M. D." to his name or assume or advertise the title of "Dr." in such a manner as to convey the impression that he is a legal practitioner of medicine.

Nor is there any analogy between a person assuming the title of doctor of medicine and one claiming to be an attorney and counsellor at law, for admission to practice law is an appointment to a public office, and no one is entitled to call himself an attorney and counsellor at law unless he has been duly admitted to practice.

I think, therefore, this judgment should be reversed, and a new trial ordered.