(158 App. Div. 217.)

PEOPLE v. SILVER.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. PHYSICIANS AND SURGEONS (§ 6*)—PRACTICE OF DENTISTRY—SINGLE ACT.
Under Public Health Law (Laws 1909, c. 49 [Consol. Laws 1909, c. 45]) § 203, par. 5, subd. B, making it a misdemeanor to practice dentistry under a false or assumed name, proof of a single treatment, consisting of filling one tooth, is not sufficient to establish the practice.
[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 6–11; Dec. Dig. § 6.*]

2. INDICTMENT AND INFORMATION (§ 109*)—STATUTORY OFFENSES—BURDEN OF PROOF.
In a prosecution for a statutory offense, all facts necessary to bring the case within the statute must appear.
[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 286–288; Dec. Dig. § 109.*]

3. PHYSICIANS AND SURGEONS (§ 6*)—PRACTICING DENTISTRY UNDER ASSUMED NAME—EVIDENCE.
In a prosecution for aiding and abetting another in the practice of dentistry under a false name, evidence *held* insufficient to show that the defendant committed any affirmative act which aided the commission of the offense.
[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 6–11; Dec. Dig. § 6.*]

Harry B. Silver was convicted of aiding and abetting another to practice dentistry under an assumed name. Reversed, and defendant discharged.

See, also, 156 App. Div. 910, 141 N. Y. Supp. 1140.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles S. Taber, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of New York City (James C. Cropsey, Dist. Atty., and Edward A. Freshman, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

STAPLETON, J.   The defendant was convicted in the Court of Special Sessions of a misdemeanor in violating section 203 of the Public Health Law (chapter 49 of the Laws of 1909, constituting chapter 45 of the Consolidated Laws).   The specific provision of that section, alleged to have been violated, is paragraph 5 of subdivision B., which declares it to be a misdemeanor for a person to practice dentistry under a false or assumed name.   The information does not charge that the defendant actually practiced dentistry under a false or assumed name, but it charges that on the 11th day of June, 1912, he aided and abetted one Maschke in so doing.

[1]  The evidence showed that the other person gave a single treatment, filling one tooth; secured money therefor; gave a receipt on a bill of Longenecker Bros., signed "Longenecker Bros., by Dr. Maschke."   The only evidence relating to the defendant is that Maschke asked the defendant "if he didn't think he would have to do so and so—I can't remember exactly what it was—in connection with a plate that he was fitting in my mouth," and the defendant said, "Yes, Doc, I think you'll have to."   The defendant, at the time, was standing at the left of the complaining witness, alongside the operating chair. This was the only evidence of word or deed on defendant's part. There were two signs outside the dental parlors—"Longenecker Bros.," across the front of the building; and "Longenecker Bros.," at right angles to the building.   The defendant's name did not appear at all.   Without objection, the receipt was offered in evidence, and also a bill of sale from David L. Longenecker to the defendant, dated November 13, 1911, by the terms of which the dental business and equipment, together with the good will, were sold to the defendant. Longenecker covenanted in the instrument not to practice in the city of Greater New York.   We do not perceive that there was any evidence that Maschke practiced dentistry under an assumed name or that he practiced it at all.

[2]  The information, being for a statutory offense, must state all the facts which constitute the statutory offense, and upon the trial the proof, as well as the allegations, must bring the case within the statute.   Wood v. People, 53 N. Y. 511.   An essential ingredient of the offense charged was the practice of dentistry.   In People v. Firth (Sup.) 142 N. Y. Supp. 634, the court said:

"It is a practice, not an act as distinguished therefrom, with which defendant is charged, and which the statute forbids.   Practice results from a series of acts."

The Legislature has demonstrated its capacity to use appropriate and effective words to prevent personation of a skilled practitioner by a single act, in section 174 of the Public Health Law.   It used this language:

"Any person who shall practice medicine under a false or assumed name, or who shall falsely personate another practitioner or former practitioner of a like or different name, shall be guilty of a felony."

See People v. Dudenhausen, 130 App. Div. 760, 115 N. Y. Supp. 374, affirmed 195 N. Y. 554, 88 N. E. 1127. The rule is:

"Purely statutory offenses cannot be established by implication, and acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal." People v. Phyfe, 136 N. Y. 554, 559, 32 N. E. 978, 979 (19 L. R. A. 141).

[3] The conclusion that we reach, that the single act does not constitute the offense charged, makes it unnecessary to elaborate our view, equally fatal to the judgment of conviction, to the effect that, upon the assumption that the acts of Maschke constituted a crime, there is no evidence that the defendant was guilty of any affirmative act aiding and abetting him in the commission of those acts. United States v. Gooding, 25 U. S. (12 Wheat.) 460, 465, 6 L. Ed. 693; State v. Cox, 65 Mo. 29, 33; White v. People, 81 Ill. 333, 337; People v. Taylor, 192 N. Y. 398, 85 N. E. 759; Section 202, Public Health Law; Blatz v. Rohrbach, 116 N. Y. 450, 453, 22 N. E. 1049, 6 L. R. A. 669.

The judgment of conviction of the Court of Special Sessions should be reversed, and defendant discharged. All concur.