(162 App. Div. 288)

## PEOPLE v. ELLIS.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. PHYSICIANS AND SURGEONS (§ 6*) — PRACTICING WITHOUT AUTHORITY — "PRACTICE OF MEDICINE."

A person claiming to be a chiropractor or doctor of chiropractics, having an office with a sign and regular office hours, having treated about 200 persons for the stomach, chest, or spine, and also nervousness, etc., *held* practicing medicine within Public Health Law (Consol. Laws, c. 45) § 160, subd. 7, defining one practicing medicine as a person who holds himself out as being able to diagnose, treat, etc., any human disease, pain, injury, deformity, or physical condition, or who shall offer or undertake, etc., to diagnose, treat, etc., any such disease, etc., and hence was guilty of the misdemeanor of practicing medicine without a license under section 174.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 6–11; Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 6, pp. 5488–5491; vol. 8, p. 7758.]

2. PHYSICIANS AND SURGEONS (§ 1*)—POWER OF STATE TO REGULATE.

Under its police power a state may prescribe conditions to insure competence in those practicing the healing art in its various branches, including those in which drugs are not administered.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. PHYSICIANS AND SURGEONS (§ 6*)—PRACTICING WITHOUT AUTHORITY—INFORMATION.

An information charging defendant with practicing medicine without lawful authority between certain dates, and in particular upon five days specified, was sufficient; the different acts charged making one continuous offense.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 6–11; Dec. Dig. § 6.*]

Appeal from Court of Special Sessions, Kings County.

Leo E. Ellis was convicted of practicing medicine without a license, and he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Edmond C. Alger, of New York City, for appellant.

H. G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

PUTNAM, J. [1] Appellant has been convicted of the misdemeanor of practicing medicine within this state without any license or registration. Public Health Law, § 160, subd. 7; Consolidated Laws of 1909, c. 45, § 174. Mr. Ellis claims to be a chiropractor or doctor of chiropractics, having graduated from an institution at Davenport, Iowa, known as Davenport University of Chiropractics, in June, 1912. In July following, without having any further examination or receiving any license in this state, he began practice in Brooklyn. He has a sign with regular office hours, and as a witness he admitted having treated about 200 persons for ailments of the stomach, chest, or spine.

also for nervousness, hysteria, and diseases coming from pressure on the nerves. The prosecution proved by a witness whom appellant had treated that appellant first examined her ankle, pronounced the arch as having fallen, massaged the foot, and advised a different shoe. On a further visit he manipulated the patient's spine, which, speaking as a spinologist, he pronounced out of alignment in several places. He said he could restore it, but it probably would not stay the first time. He further gave the opinion that the nerves leading to the ankle might be impinged so as to cut off the circulation.

Early statutes regulating physicians used the expression "practice physic or surgery." Laws 1872, c. 746; Laws 1880, c. 513; Laws 1887, c. 647, amended by Laws 1890, c. 500. The present broadened definition of the practice of medicine appears in Laws of 1907, c. 344. "Medicine," according to the new Standard Dictionary, is "the healing art; the science of the preservation of health and of treating disease for the purpose of cure."

[2] In view of the large increase of those who attempt remedies without drugs or instruments, Legislatures in this and other states have found it necessary to deal with all who assume to treat or prescribe for physical ailments. Such regulations are within the state's police power. Collins v. Texas, 223 U. S. 288, 32 Sup. Ct. 286, 56 L. Ed. 439. By our present statute, one practicing medicine is comprehensively defined as a person—

"who holds himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition." Public Health Law, § 160, subd. 7.

Appellant's office sign, his circular and professional card, as well as his own frank admissions as a witness, all show that he holds himself out as able to diagnose, treat, and prescribe for pain, disease, and injury. Rubbing and pressure on the human joints are old therapeutic agents. When accompanied by such attempts at diagnosis as the statement that a patient's pains in the ankle were from the spine having come out of alignment through displaced vertebræ, appellant's acts come within the statutory definition of the practice of medicine.

He therefore was guilty of the misdemeanor of practicing medicine without a license, or being registered under the Public Health Law, § 174. Ottaway v. Lowden, 172 N. Y. 129, 64 N. E. 812; People v. Allcutt, 117 App. Div. 546, 102 N. Y. Supp. 678, affirmed 189 N. Y. 517, 81 N. E. 1171; People v. Somme, 120 App. Div. 20, 104 N. Y. Supp. 946, affirmed 190 N. Y. 541, 83 N. E. 1128; People v. Mulford, 140 App. Div. 716, 125 N. Y. Supp. 680, affirmed 202 N. Y. 624, 96 N. E. 1125.

Like decisions in other states are State v. Smith, 233 Mo. 242, 135 S. W. 465, 33 L. R. A. (N. S.) 179; Bragg v. State, 134 Ala. 165, 32 South. 767, 58 L. R. A. 925; State v. Johnson, 84 Kan. 411, 114 Pac. 390, 41 L. R. A. (N. S.) 539.

[3] The information which charged practicing medicine without lawful authority between certain dates, and in particular upon five days which it specified, was sufficient. The different acts going to establish

the unlawful practice need not be more particularly set forth in the information, as they simply made up one continuous offense. People v. Firth, 157 App. Div. 492, 142 N. Y. Supp. 634. See, also, People v. Silver, 158 App. Div. 217, 143 N. Y. Supp. 43.

No error appearing in the record, the conviction should be affirmed. All concur.