THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEON TARLOW, Appellant.

First Department, December 11, 1936.

*Lawrence Kovalsky* of counsel [*David Goldstein* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Sol. Boneparth* of counsel [*Herman J. Fliederblum* with him on the brief; *Samuel J. Foley, District Attorney*, Bronx county], for the respondent.

O'MALLEY, J. Two questions are presented: (1) Did the People present sufficient evidence to justify a finding that the defendant was guilty of a violation of the statute upon which the information is based; and (2) if not, is the defendant upon this record in a position to question the sufficiency of the proof.

The information duly filed contained two counts. The first charged that " The said defendant on the 9th day of September, 1935, at the City of New York, in the County of Bronx, at premises 1353 Boston Road, in the aforesaid county, with intent to defraud, unlawfully and wrongfully exposed for sale in the same place of business * * * both kosher and non-kosher meat and meat preparations, both raw and prepared for human consumption and did unlawfully * * * fail to indicate on his window signs and all display advertising, in block letters at least four inches in height, ' Kosher and Non-Kosher Meat sold here.' "

The second count charged him with having at the same time and place ,." unlawfully and wrongfully exposed for sale, both Kosher and Non-Kosher meat and meat preparations which were both raw and prepared for human consumption and unlawfully and wrongfully failed to display over each kind of meat and meat preparation so exposed, a sign in block letters at least four inches in height, reading ' Kosher And Non-Kosher ' as the case may be."

This information was predicated upon so much of section 435-a of the Penal Law, which, prior to amendment by chapter 619 of the Laws of 1936, read: "A person, who, with intent to defraud * * * sells or exposes for sale in the same place of business both kosher and nonkosher meat or meat preparations, either raw or prepared for human consumption, who fails to indicate on his window signs and all display advertising, in block letters at least four inches in height, ' kosher and nonkosher meat sold here;' or who exposes for sale in any show window or place of business both kosher and nonkosher meat or meat preparations, either raw or prepared for human consumption, who fails to display over each kind of meat or meat preparation so exposed a sign in block letters at least four inches in height reading ' kosher meat,' or ' nonkosher meat,' as the case may be, is guilty of a misdemeanor."

It is conceded by the People that upon the trial they did not offer any proof of the absence of the signs required to be displayed by that portion of the section above quoted, nor is it in any way contended that the defendant's case supplied such proof.

A reading of a portion of the section upon which the prosecution was based discloses that neither the selling nor exposing for sale of both kosher or non-kosher meat or meat preparation, raw or prepared for human consumption, is prohibited. The gravamen of the offense is in the failure under such circumstances to indicate by specific signs the fact that both kosher and non-kosher meat are sold or displayed. (See *People* v. *Peterson*, 231 N. Y. 100.)

It is conceded that it was incumbent upon the People to allege in the information that not only did the defendant offer and expose for sale both kosher and non-kosher meat, but that, in particular, he failed to display the proper signs. It is contended by the district attorney, however, that the proof of the negative was upon the defendant. But this is not a situation where a general course of conduct is prohibited, and certain exceptions specifically made. In such a situation the burden to show that the case comes within the exception lies upon a defendant and the People are not compelled to prove the negative. It has so been held in prosecutions for bigamy (*Fleming* v. *People*, 27 N. Y. 329); for manslaughter resulting from abortion (*People* v. *Hammer*, 194 App. Div. 712; affd., 232 N. Y. 564); for selling or transporting liquors without a license (*Jefferson* v. *People*, 101 id. 19), and for practicing medicine without a license (*People* v. *Somme*, 120 App. Div. 20; affd., 190 N. Y. 541).

In the section here under consideration, as already noted, there is no prohibition against the sale of both kosher and non-kosher

products at the same time and place. What is prohibited is the sale or offering to sell or the display of kosher and non-kosher products without the specified sign.

Here the failure to display the proper sign is part and parcel of the offense charged. (16 C. J. 531, § 999. See, also, *People* v. *Stedeker*, 175 N. Y. 57, 66–68.)

Moreover, whether or not the proper signs were displayed was not a fact lying peculiarly within the knowledge of the defendant, which is one of the underlying reasons for the rule imposing the proof of the negative on the defendant. (16 C. J. 530, § 998; *Fleming* v. *People, supra.*)

It is contended by the People, however, that even assuming this defect in proof, the defendant may not raise the question on appeal, having failed upon the trial to move for dismissal upon this specific ground. It is urged that, had this been done, the People could have offered proof of the absence of the signs.

We are of opinion that the question is now available to the defendant. His counsel moved at the end of the People's case generally to dismiss upon the specific ground that the People had failed to make out a case. It is true that specific objection was made that the testimony had not been connected with the defendant. The motion was denied with an exception to defendant. This general motion would seem properly to have raised the question here presented.

Again, at the close of the entire case the defendant's counsel renewed the motion to discharge him upon the ground that there was a reasonable doubt; but the specific contentions raised did not include the one here urged. This motion was denied with an exception to the defendant.

However, it is immaterial whether the question was formally presented by an appropriate motion. The rule is now well settled that where, as here, there is no jury and there is submitted to the trial court not only questions of law, but those of fact, not only is an exception not required, but not even a motion need be made in order to raise the point upon appeal. The Court of Appeals in reaching this conclusion expressly considered and overruled prior decisions to the contrary. (*People* v. *Nixon*, 248 N. Y. 182, 189–192.)

It follows, therefore, that the judgment of conviction appealed from should be reversed, the information dismissed, and the defendant discharged from custody.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously reversed, the information dismissed and the defendant discharged from custody.