THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD S. HIDDEN, Appellant.

First Department, March 13, 1942.

*Moses A. Sachs*, for the appellant.

*Paxton Blair* of counsel [*David I. Shivitz* and *Murray Rudman* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

CALLAHAN, J.   Defendant has been convicted of two separate misdemeanors and sentenced to two separate consecutive terms of imprisonment.   The informations were tried together by consent. One of the convictions is based on a violation of section 126-a of the Sanitary Code of the Department of Health of the City of New York, in that defendant was found to have kept and offered for sale on October 4, 1937, a product known as " Slimform " containing a harmful drug, to wit, thyroid.

The proof adduced, however, related to the contents of Slimform tablets taken from the business premises alleged to have been conducted by the defendant on July 18, 1938.   Chemical analysis was made of the tablets seized on the latter date, and proof introduced of the presence of thyroid therein.   No seizure appears to have been made of any drug possessed by defendant on the date charged in the information.

The theory of the prosecution appears to be that proof of a continuous course of conduct commencing prior to October 4, 1937, in dispensing drugs under the name " Slimform," coupled with evidence that the tablets so dispensed had the same appearance during the whole period, and that a quantity of thyroid had been purchased by defendant early in 1937, was sufficient to sustain the charge made.   Such proof did not establish beyond a reasonable doubt that tablets dispensed in 1937 contained the same dangerous drug found in the tablets sold or possessed in 1938. This judgment of conviction must, therefore, be reversed and the information dismissed.   In view of this determination, it is unnecessary to discuss the other claims of error raised with respect to this judgment of conviction.

The second conviction was based upon a violation of section 117 of the Sanitary Code, in that defendant offered for sale a patent

or proprietary medicine known as "Vigorgland" without first registering it with the department of health.

Section 117 of the Sanitary Code contains several paragraphs. The first makes it the duty of every manufacturer or proprietor of proprietary or patent medicine to register same with the department of health. The second provides that after a certain date no such proprietary or patent medicine shall be held, offered for sale, sold or given away, in the city of New York, unless such medicine shall have been registered with the department of health. The third paragraph of the section provides that "'proprietary or patent medicine,'" for the purpose of the section, "shall be taken to mean and include every medicine or medicinal compound, manufactured, prepared, or intended for external or internal human use, the name, composition, or definition of which is not to be found in the United States Pharmacopœia or National Formulary, or which does not bear the names of all of the ingredients * * * clearly, and legibly set forth in English, on the outside of each bottle, box, or package in which the said medicine or medicinal compound is held, offered for sale, sold, or given away."

The principal assignment of error with respect to the conviction on this charge is that the information and the proof failed to establish that the name of Vigorgland was not found in the United States Pharmacopœia or National Formulary, nor did they charge or establish that the names of the ingredients of the compound were not set forth on the package. We think, however, that these claims may not be urged by the defendant upon this appeal because of his failure to raise them upon the trial. No motion was made with respect to the insufficiency of the information either at the trial or in arrest of judgment. While a general motion at the close of the trial to dismiss for want of sufficient proof might raise the question of the sufficiency of the evidence (*People* v. *Tarlow*, 249 App. Div. 224), we find from an examination of the record herein that not only was there no specific reference made to the absence of the proof referred to, but that no general motion to dismiss was made. Defendant urged only specific grounds which were not tenable.

Under the circumstances the judgment of conviction for violation of section 117 should be affirmed.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment convicting defendant of a violation of section 126-a of the Sanitary Code unanimously reversed and the information dismissed. Judgment convicting defendant of a violation of section 117 of the Sanitary Code unanimously affirmed.