### STATE v THOMAS CALL.

*Indictment for Practicing Medicine in Violation of Law—Physicians—Certificate of Competency—Statutes, Constitutionality of—Fourteenth Amendment—Statutes, Repeal of—Indictment, Sufficiency of.*

1. The Legislature has an unquestioned right to require an examination and certificate as to the competency of persons desiring to practice medicine or to exercise other callings affecting the public and requiring skill and proficiency.

2. The fact that a Statute, requiring such examination and certificate, exempts from its requirements physicians already practicing in the State at the date of its passage does not make the Statute invalid as creating a monopoly or conferring special privileges, since it is only the exercise of the police power to protect the public from impostors and incompetents.

3. Nor does such Statute violate the Fourteenth Amendment of the Constitution of the United States prohibiting any State from denying to any person the equal protection of the laws, since such amendment does not restrict the powers of the State when the Statute applies equally to all persons in the same class, and the State is usually the judge of the classification.

4. Section 5 of Chapter 181, Acts of 1889, making it a misdemeanor to practice medicine without first having registered and obtained a certificate from the Clerk of the Superior Court, is not in conflict with and hence does not repeal Section 2 of Chapter 117, Acts of 1885, making it a misdemeanor to practice medicine for fee or reward without first having obtained a license from the Board of Examiners.

5. Upon an indictment under Acts 1885, Chapter 117, Section 2, which makes it a misdemeanor for any person to practice medicine for fee

or reward without a license, a special verdict, which does not find that defendant practiced "for fee or reward," will not justify a conviction.

6. Under Acts 1889, Chapter 181, Section 5, making it a misdemeanor to practice medicine without first having registered and obtained a certificate, an indictment which does not charge that defendant did not register, and obtain a certificate, as required, is defective.

7. Such indictment need not charge that defendant practiced "for fee or reward."

8. An indictment under Acts 1889, Chapter 181, Section 5, making it a misdemeanor to practice medicine without first having registered, and obtained a certificate, need not charge that defendant does not belong to one of certain classes which are withdrawn from the operation of the Statute by a proviso thereto.

INDICTMENT for practicing medicine without license, &c., tried before *Starbuck, J.,* and a jury at Fall Term, 1897, of WILKES Superior Court.

The indictment was as follows: "The jurors for the State upon their oaths present that Thomas Call, late of the County of Wilkes, on the first day of August, 1896, at and in said County, not being a woman pursuing the avocation of midwife, and not being a regular licensed physician or surgeon resident in a neighboring State and not having a diploma from a regular medical college and practicing medicine and surgery in this State prior to March 7, 1885, did unlawfully and wilfully begin and engage in the practice of medicine and surgery and the branches thereof for fee and reward without having obtained license so to do from the Board of Medical Examiners of the State of North Carolina, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State."

On the trial the jury returned a special verdict as follows:

"That Thomas Call, the defendant, for ten years prior to this indictment, has practiced medicine in the Counties of Ashe and Watauga. That he is and has been a competent

and successful physician, that he has not obtained a certificate from the State Board of Medical Examiners, and did not practice medicine prior to March 7th, 1885, and has no diploma from any regular Medical College. That within the two years immediately preceding the finding of this bill of indictment, he has practiced medicine in the family of Jacob Michael. We further find that the said Thomas Call has paid to the Sheriff of Ashe County the taxes prescribed for physicians by the Acts of 1895 for the years of 1895 and 1896 as evidenced by receipts.

If upon the facts the Court should be of the opinion that the defendant is guilty, then we find him guilty, but if upon the foregoing facts the Court should be of the opinion that the defendant is not guilty, then we find him not guilty."

His Honor, upon this verdict, held that the defendant was guilty, and adjudged that he pay a fine of ten dollars.

Defendant excepted to the ruling of the Court that the defendant upon special verdict was guilty and appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. W. H. Bower,* for defendant (appellant).

CLARK, J.: The defendant is indicted for practicing medicine in violation of *The Code*, Sections 3122 and 3132 as amended by Acts 1885, Chapters 117 and 261, by Acts 1889, Chapter 181, Sections 4 and 5, and by Acts 1891, Chapter 420. His counsel earnestly contends that the law, as it stands, is contrary to Article 1, Section 7, of the State Constitution, which forbids exclusive privileges and emoluments to any set of men, and to Section 31 of the same Article, which prohibits monopolies and perpetuities, and, further, that it is obnoxious to the 14th Amendment to the Constitution of the United States, which prohibits any State to deny to any person the equal protection of the laws. That the Statute is not in violation of the State Constitution is thoroughly discussed and held in *State* v. *VanDoran,* 109

STATE v. CALL.

N. C., 864.   It is not to be questioned that the law making power of a State has the right to require an examination and certificate as to the competency of persons desiring to practice law or medicine; *Eastman* v. *State*, 109 Ind., 278; *State* v. *Dent*, 25 W. Va., 1, affirmed in 129 U. S.,114; or dentistry, *Wilkins* v. *State*, 113 Ind., 514; *People* v. *Phippin*, 70 Mich., 6; to teach, to be druggists, pilots, engineers or exercise other callings, whether skilled trades or professions, affecting the public and which require skill and proficiency. Cooley Torts, 289; Cooley Const. Lim. (6th Ed.) 745, 746; Tiedeman Police Power, Section 87.   To require this is an exercise of the police power for the protection of the public against incompetents and impostors, and is in no sense the creation of a monopoly or special privileges.   The door stands open to all who possess the requisite age and good character and can pass the examination which is exacted of all applicants alike.

The defendant, however, contends that the Statute is unconstitutional on the additional ground that it exempts from its requirements those physicians who were already practicing medicine and surgery in this State on March 7, 1885.   The first Statute, making it indictable to practice medicine and surgery without an examination by the State Board of Medical Examiners and a license therefrom, was enacted at the session of 1885 and was made prospective so as to apply only to those who should begin the practice of medicine and surgery thereafter.   This was not unreasonable. It was fair to assume that those already in the practice, many of whom had grown gray in the service of humanity and the alleviation of suffering, had already received that public approbation which was a sufficient guarantee of their competency, and should not be needlessly subjected to the humiliation of an examination by the side of beardless boys, who had not yet swung a scalpel or prescribed a purgative save

under supervision; while those already in practice who had, however, proved incompetent, it might be assumed, had been equally stamped with public disapproval at the cost to the public of much bitter experience—an expensive and dangerous process of distinguishing the two classes to save the public from which, in future, was the object of the new regulation requiring examination and license by a Board of competent examiners. When the Act of 1889 was enacted it recognized that the new legislation had been prospective by the Act of 1885; accordingly 7th March, 1885, was made the dividing line, those practicing medicine and surgery before that date being left to the test of the public approval or disapproval acquired by them, and those beginning practice since that date, having presumably knowledge of that Statute, were required to undergo the examination and obtain the license exacted by it.

The Statute bearing alike upon all individuals of each class is not a discrimination forbidden by the State Constitution nor by the 14th Amendment. *Broadfoot* v. *Fayetteville*, at this term. It has been frequently adjudged by the Supreme Court of the United States that the 14th Amendment does not restrict the powers of the State when the Statute applies equally to all persons in the same class, and that ordinarily the legislature is the sole judge of the classification. *Slaughter House Cases*, 83 U. S., 36; *Missouri* v. *Lewis*, 101 U. S., 22; *Barbier* v. *Connelly*, 113 U. S., 27; *Hayes* v. *Missouri*, 120 U. S., 68; *Railroad* v. *Mackey*, 127 U. S., 205; *Walston* v. *Nevin*, 128 U. S., 578; *Bell* v. *Penn.*, 134 U. S., 232; *Express Co.* v. *Seibert*, 142 U. S., 339; *Giozza* v. *Tireman*, 148 U. S., 657; *Columbia R. Co.* v. *Wright*, 151 U. S., 470; *Lowe* v. *Kansas*, 163 U. S., 81; *Railroad Co.* v. *Matthews*, 165 U. S., 1. *In re Kemmler*, *supra*, Fuller, C. J., pointedly says: "The 14th Amendment did not radically change the whole theory of the relations of the State and Federal

Governments to each other and of both Governments to the people." In the *Slaughter House Cases, supra,* is the fullest and best discussion of the object and scope of that amendment. Doubtless there might be a classification made by the Legislature which would be only colorable and, in truth, would plainly be a discrimination conferring special privileges or denying the equal protection of the laws, but such is certainly not the case here. A classification of physicians practicing before the Act and of those beginning thereafter, and distinguishing between those having the diplomas of a Medical College and those not, was held to be reasonable and within the legislative discretion. *State* v. *Dent, supra; Ex Parte Spinney,* 10 Nevada, 328; *West* v. *Clutter,* 37 Ohio, 347; *People* v. *Phippin,* 70 Michigan, 25; *Hewitt* v. *Charis,* 16 Pick. (Mass.) 356; *State* v. *Medical Board,* 32 Minn., 324; *State* v. *Randolph,* 17 L. R. A.

The defendant, however, further presents technical objections which he is entitled to have noticed. Section 5 of Chapter 181, Acts 1889, does not repeal Section 2, Chapter 117, Acts 1885, and not being in conflict, both Sections stand, and the defendant could have been indicted under either Act. The indictment is sufficient under Section 2, Chapter 117 of the Acts 1885, but the special verdict in that view is defective, as it does not find that the defendant practiced, "without fee or reward," and the defendant properly excepted that it did not justify an adjudication that the defendant was guilty. If indicted under Section 5, Chapter 181 of the Acts 1889, it was not necessary to allege or prove that the defendant practiced without fee or reward, but the defendant insists that the indictment is defective in that it does not contain the negative averment in said Section "without having registered and obtained the certificate as aforesaid." This point of the insufficiency of the indictment was not presented below, but is one of those which can be

STATE *v.* CALL.

taken for the first time in this Court. Rule 27. The Act of 1889 requires a "registration and certificate" which is not exacted by the Act of 1885. An indictable offence is charged but not found by the special verdict, if the indictment is under the Act of 1885, while it is found by the verdict, but not charged, if the indictment is under the Act of 1889, and the judgment must be arrested. An approved form of indictment under the Act of 1889 may be found in *State* v. *VanDoran*, 109 N. C., page 864, except that the words "or a diploma issued by a regular Medical College prior to the 7th March, 1885," should be stricken out as, by the Act of 1891, Chapter 420, that fact will no longer authorize registration, and of course the concluding words "against the peace and dignity of the State and contrary to the Statute," &c., are now mere surplusage. *State* v. *Kirkman*, 104 N. C., 911; *State* v. *Harris*, 106 N. C., 682. It is not necessary to insert a negative that the defendant does not belong to one of the classes named in the proviso to Section 5 (Chapter 181, Acts 1889), as its insertion is not required to charge the offence, for the proviso merely withdraws certain cases from its operation, *State* v. *Norman*, 13 N. C., 222; *State* v. *Melton*, 120 N. C., 591, 596; it would be otherwise if the negation, (even if it had been contained in a proviso) was necessary to constitute the offence, as was the essential averment which was omitted from this bill that the practicing medicine was "without the registration and certificate required by law." Wharton Cr. Pl. & Pr. Sections 238, 239 (9th Ed.)

Judgment arrested.