## STATE v. O. V. SILER.

### (Filed 14 April, 1915.)

**1. Physicians — Licensed Practitioners — Nondrug-giving Practitioners—Examination—License—Criminal Law.**

  Under the provisions of chapter 92, Laws 1913, amending chapter 764, Laws 1907, Pell's Revisal, secs. 4505a, 4505h, 4505m, those who practice and receive pay for the treatment of human diseases without the use of drugs, and who are not licensed osteopaths, are required to take the examination and receive the license provided for in the later statute, with the exceptions therein stated, *i. e.,* licensed physicians, Christian scientists, masseurs or following the orders of a licensed drug-giving physician; hence one engaged in the practice of "chiropractic and suggesto-therapy," or treating human diseases by manipulating the spine, or treating nervous diseases by mental suggestion, without the examination and license prescribed, are guilty of a misdemeanor.

**2. Same—Monopoly—Constitutional Law.**

  Laws 1907, chapter 764, Pell's Revisal, secs. 4505a, 4505h, 4505m, as amended by chapter 92, Laws 1913, extending the requirement of examination and license to other nondrug-giving practitioners for compensation, than osteopaths, with the exceptions stated in the later statute, making the violation of its provisions a misdemeanor, was for the protection of the people, and was not intended to give, nor does it give, those who comply with the law a monopoly, inhibited by the Constitution.

APPEAL by State from *Devin, J.,* at December Term, 1914, of GUILFORD.

*Attorney-General for the State.*
*Roger W. Harrison and Thomas C. Hoyle for defendant.*

CLARK, C. J. The defendant was tried and found guilty in the municipal court of Greensboro for practicing for fee and reward, without license, as "a nondrug-giving physician." On appeal to the Superior Court of Guilford, upon a special verdict finding the facts, the judge held the defendant not guilty, and the State appealed.

The special verdict states that the defendant was tried under the act of 8 March, 1907, being chapter 764, as amended by chapter 92, Laws 1913. It is agreed that the defendant was resident in Greensboro 14 April, 1914, and on that day was engaged in the practice of "chiropractic and suggesto-therapy" as a nondrug-giving physician, and received compensation therefor; that chiropractic is a system of treating human diseases without use of drugs, by manipulating the spine, and that suggesto-therapy is a system of treating nervous diseases without the use of drugs, by mental suggestion; that the defendant has not been examined nor licensed as an osteopath under chapter 764, Laws 1907, or chapter 92, Laws 1913, amendatory thereof.

It is further agreed and found as a part of the special verdict that "the defendant was not practicing osteopathy nor was he practicing, pretending or attempting to practice or use the science or system of osteopathy in treating diseases of the human body, and that he did not hold himself out in any manner as engaged in the practice of osteopathy."

The State contends that section 2, chapter 764, Laws 1907, makes it unlawful to practice any nondrug healing system as an osteopath without taking the required examination and being licensed thereunder, and that chapter 92, Laws 1913, requires examination and license of "all nondrug practitioners, by whatever name known and of whatever school they claim to be graduate of," and that the defendant is guilty of a misdemeanor by virtue of said act of 1913.

The defendant contends that the act of 1907 as amended by the act of 1913 does not require nondrug-giving physicians other than osteopaths to pass examination or take out license, and that if it did, such act would be unconstitutional.

Laws 1907, ch. 764, sec. 8, now Pell's Revisal, 4505a, defines osteopathy to be "the science of healing without the use of drugs, as taught by the various colleges recognized by the American Osteopathic Association." Section 2 of said act, now Pell's Revisal, sec. 4505h, requires "any person, before engaging in the practice of osteopathy in this State, to obtain a certificate and license to practice osteopathy from the board" therein designated. Section 9 of said act, now Pell's Revisal, 4505m, provides that that chapter shall not prevent or interfere with "any person engaging in the act of healing in any manner taught by any school of medicine

or science, except such as claim to be osteopaths or practice osteopathy as herein defined."

Laws 1913, ch. 92, amends the aforesaid chapter 764, Laws 1907, in several particulars, and especially strikes out above cited section 9, Pell's Revisal, 4505m, and adds to section 2, now Pell's Revisal, 4505h, the following: "The provisions of this section shall apply to all other nondrug-giving practitioners, by whatever name known or calling themselves, or of whatever school they claim to be graduates, or hold diplomas, and to any one who holds himself or herself out as being able to diagnose, treat, operate, or prescribe for any human disease, pain, injury, deformity, or physical condition, and who shall offer or undertake by any means or method to diagnose, treat, operate, or prescribe for any human disease, pain, injury, deformity, or physical condition without the use of drugs, but shall not apply to those practicing their profession as licensed physicians, nor to Christian Scientists or masseurs or any one following in his or her practice the orders of licensed drug-giving physicians: *Provided, however,* that all persons so applying to said board for examination shall be examined only on the subjects of anatomy, physiology, pathology, and diagnosis, by said board, but no license shall be issued by said board to those who claim to be correspondence school course graduates, to practice in this State."

Chapter 764, Laws 1907, provided that any person who should practice or attempt to practice that particular method of healing (osteopathy) without having complied with the provisions of the act should be guilty of misdemeanor. Laws 1913, ch. 92, sec. 5, after inserting above amendment to section 6, which brought under the provisions of the act of 1907 "all other nondrug-giving practitioners, by whatever name known or calling themselves," added the following at the end of said section 6 of the act of 1907: "and the punishment prescribed in this section shall likewise apply to others embraced in the provisions of this amended act and violating any of its provisions." This simply makes the violation of the act, as amended, a misdemeanor.

There are other amendments to the act of 1907, set out in said chapter 92, Laws 1913. But the above shows the purport of the legislation. In chapter 764, Laws 1907, the General Assembly provided for the examination and licensing of nondrug-giving physicians known as osteopaths, in order to protect the public against incompetents and imposters professing to be osteopaths. The act of 1913, ch. 92, simply extends the act of 1907 to require the examination and licensing of "all other nondrug-giving practitioners, by whatever name known," and makes those violating this statute guilty of misdemeanor to the same extent as those had been who practiced as osteopaths without complying with the requirements of the act of 1907.

The power of the Legislature to pass such statutes has been fully discussed and settled in *S. v. Call,* 121 N. C., 643, and *S. v. Van Doran,* 109 N. C., 864, as to practitioners of medicine and surgeons. In *S. v. Call, supra* (p. 646), are enumerated many "other callings, whether skilled trades or professions, affecting the public and which require skill and proficiency," whose members must be examined and licensed. Since then the Legislature has required examination and license for following many other vocations.

The subject has been fully and more recently discussed, in sustaining the constitutional authority of the Legislature to regulate the practice of dentistry, by *Mr. Justice Walker, S. v. Hicks,* 143 N. C., 689.

In *S. v. Biggs,* 133 N. C., 729, and in *S. v. MacKnight,* 131 N. C., 723, this Court held that the object of such legislation was not to give special or exclusive privileges to any special body of men, but solely for the protection of the public, and to prohibit imposition by any one passing himself off as competent to engage in a practice or calling of a public nature when he was incompetent to do so. Therefore, it was held that the act in regard to the practice of medicine and the examination prescribed therefor could not embrace osteopaths, who did not prescribe drugs or other medicine.

By the act of 1907, Laws 764, it was intended to protect the public against imposition by those claiming to heal diseases without the use of drugs as osteopaths. Since then those claiming to heal without prescribing drugs have taken various and numerous appellations, and thus have avoided the protection intended to be afforded the public as to "nondrug-giving physicians" by the act of 1907. In consequence, the act of 1907 was amended in 1913 to add after the word "osteopathy" the words, "or other nondrug-giving school of practice." The act also, as above set out, fully and elaborately prescribes that it should apply to all practice of healing of every kind that was not drug-giving, excepting only "Christion Scientists or masseurs or any one following in his or her practice the orders of licensed drug-giving physicians."

The object of the act of 1913 is simply to extend the protection to the public given by the act of 1907 as against all other nondrug-giving practitioners of healing, with the exception just quoted. That this is the scope of the act, and that it is not intended to make compliance therewith a monopoly in the hands of "osteopaths," the act prescribes an examination only in the following subjects: "anatomy, physiology, pathology, and diagnosis." Less could not be required, reasonably, of any one holding himself out as competent to prescribe for "the ills that flesh is heir to."

The statute makes a violation of the act of 1907 a misdemeanor, and the act of 1913 makes a violation of the act in its extended scope, taking in other nondrug-giving practitioners, "likewise a misdemeanor."

The object of the act, as already said, is not to give "osteopaths," or any school of practice, a monopoly, but to protect the public by requiring of all nondrug-giving practitioners, with the exceptions named, the prescribed examination and license.

To give this statute any effect, it was necessary to make its violation a misdemeanor. The power of the Legislature to pass such enactments has been already considered in the cases above cited, and the intent of this statute is clearly and solely for the protection of the public. An uneducated, ignorant, and incompetent doctor turned loose on a helpless community is as deadly as a park of artillery.

Upon the special verdict the court shall have held the defendant guilty.

Reversed.