## 10852

### STATE v. BARNES

(112 S. E. 62)

1. PHYSICIANS AND SURGEONS—CHIROPRACTOR HELD ENGAGED IN PRACTICE OF MEDICINE."—Irrespective of statute, chiropractors, whose method is to cure disease by manipulation of the spinal column without the use of medicine or surgery, are included among those who "practice medicine," and they are to be so classed under Act March 10, 1920, (31 St. at Large, p. 1004), requiring the procurement of a license by medical practioners and providing that "any person shall be regarded as practicing medicine * * * or who shall engage in any branch or specialty of the healing art, or who shalll diagnose, cure, relieve, * * * by * * * manipulation, adjustment, or method."

2. STATUTES—TITLE OF ACT RELATING TO PRACTICE OF MEDICINE HELD SUFFICIENT TO INCLUDE CHIROPRACTORS.—The definition in the body of Act March 10, 1920, (31 St. at Large, p. 1004), of the term "practice of medicine," by which chiropractors are brought within the terms of the Act, is not violative of Const. Art. 3, § 17, in that the title of the Act merely declares that the Act relates to the "practice of medicine," such definition being germane to the purpose of the Act. and, in any event, the definition was perhaps unnecessary as a declaration of something that was true without express recital.

3. PHYSICIANS AND SURGEONS—ACT RELATING TO PRACTICE OF MEDICINE HELD CONSTITUTIONAL, AS APPLIED TO CHIROPRACTORS.—Act March 10, 1920, (31 St. at Large, p. 1004), relating to the practice of medicine, requiring as a prerequisite to receiving a license, familiarty with certain medical subjects, is not, as applied to chiropractors, who do not require such knowledge, invalid as being capricious and unreasonable.

4. CONSTITUTIONAL LAW—REQUIREMENT AS TO LICENSING OF CHIROPRACTORS HELD NOT A JUDICIAL QUESTION.—Whether or not chiropractors shall be required to possess the same knowledge of medicine as is required of regular practitioners is not a judicial question.

Before WILSON, J., Chester. April, 1921. Affirmed.

W. D. Barnes indicted for practicing medicine, to wit: Chiropractic, without a license and upon conviction appeals.

NOTE: On application of statutes regulating the practice of medicine to treatment known as chiropractic, see notes in 32 L. R. A. (N. S.) 179 and L. R. A. 1917C, 823.

*Messrs. Gaston & Hamilton* and *M. L. Marion,* for appellant, cite: *Act* (31 *Stats.* 1004) *is unconstitutional:* 152 N. S. 133-4; 12 Am. Rep. 697. *Entry in other professions regulated:* 1 Civ. Code 1912, Secs. 1635-6, 1645, 1652. *Cannot exclude by arbitrary classification:* 6 Wheat. 186; 81 S. C. 414; 66 S. C. 37; 75 S. C. 62. *Act violates Const.* 1895, *Art.* 3, *Sec.* 17: 99 S. C. 218; 80 S. C. 127; 88 S. C. 249; 68 S. C. 149. *Meaning of "Practice of medicine:"* 24 Hun. 633; 46 S. E. 401; 42 S. E. 580; 46 L. R. A. 334; 50 L. R. A. 383; 95 Am. St. Rep. 471; 61 S. E. 546; 41 L. R. A. 428; 38 L. R. A. 328; 159 Pac. 1183.

*Messrs. J. K. Henry, Solicitor,* and *Sam'l E. McFadden,* for respondent. Mr. McFadden cites: *Power of State to regulate practice of medicine:* 21 R. C. L. 532, 353, 371; 84 S. E. 1015. *"Practice of Medicine" includes Chiropractic:* 108 N. E. 893; Ann. Cas. 1916A. 858; 149 N. W. 634; 138 Pac. 605; 151 N. W. 623; 147 N. Y. S. 681; 84 S. E. 1015; 223 U. S. 288. *Constitutionality of similar provisions:* 129 U. S. 114; 170 U. S. 189; 188 U. S. 505; 223 U. S. 288; 21 R. C. L. 371; 59 L. R. A. 190; 41 L. R. A. (N. S.) 539; Ann. Cas. 1916-A. 858-62; Ann. Cas. 1913-C. 484; L. R. A. 1917-C. 823; 21 R. C. L. 374; 11 Ann. Cas. 180.

April 11, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant was indicted at the April term, 1921, of the Court of General Sessions, Chester County, for practicing medicine without a license, in violation of the Act of March 10, 1920, (31 St. at Large, p. 1004), purporting to regulate the practice of medicine.

It appeared, upon the trial, that the defendant was engaged professionally as a chiropractor, representing him-

self as able to heal diseases without the use of medicine or knife, depending alone upon the manipulation of the spinal column and the proper adjustment of the vertebral and spinal cord. It was conceded that the defendant had applied to the State medical board for a license, had stood the examination prescribed by them, had failed to make the required marks upon said examination, and had been refused a license. It was admitted also that, notwithstanding said application and refusal, the defendant was pursuing his calling.

At the close of the State's case, the defendant moved for a directed verdict upon the grounds: (1) That the Act of 1920 did not apply to one engaged in his profession, which consisted only in massaging the person of the patient. (2) That the Act does not define "massaging or manipulating with the hands" as the "practice of medicine." (3) That, if the Act purports to define such treatment as the practice of medicine, it is unconstitutional, in derogation of the State and Federal Constitutions, as depriving the defendant of his property without due process of law, denying to him the equal protection of the law, and depriving him of privileges and rights guaranteed to all citizens of the State: In that it requires one who is not a medical student or practitioner of medicine to obtain a license from a medical board before he can earn a living by massaging or "manipulation with the hands" and that it is arbitrary and capricious.

The motion was refused; the defendant put up no testimony and was found guilty and sentenced.

The appeal presents certain questions for decisions, which will be considered in their logical order as follows:

1. The First Question. Should chiropractors be included within the class designation of those who practice medicine, regardless of the act of 1920. Chiropractic has been defined, and is commonly under-

stood, as a system of treatment by manipulation of anatomical displacements, especially the articulation of the spinal column, including its vertebrae and cord.

We adopt the declaration of the Supreme Judicial Court of Massachusetts, in the case of *State v. Zimmerman,* 221 Mass. 184, 108 N. E. 893, Ann. Cas. 1916A, 858, in which the precise point was involved, whether a chiropractor could be considered as engaged in the practice of medicine:

"Medicine relates to the prevention, cure, and alleviation of disease, the repair of injury or treatment of abnormal or unusual states of the body and their restoration to a healthful condition. It includes a broad field. It is not confined to the administering of medicinal substances, or the use of surgical or other instruments. It comprehends 'a knowledge not only of the functions of the organs of the human body, but also of the diseases to which these organs are subject, and of the laws of health and modes of living which tend to avert or overcome disease, as well as of the specific methods of treatment that are most effective in promoting cures.' "

See *State v. Frutiger,* 167 Iowa, 550, 149 N. W. 634. *Green v. Hodges,* 91 Kan. 658, 138 Pac. 605. *Locke v. Circuit Judge,* 184 Mich. 535 151 N. W. 623. *People v. Ellis,* 162 App. Div. 288, 147 N. Y. Supp. 681. *State v. Siler,* 169 N. C. 314, 84 S. E. 1015.

2. The Second Question. Are chiropractors included by the Act of 1920 among the class designated as those who practice medicine? The question is answered by the express provisions of the Act:

"Any person shall be regarded as practicing medicine * * *who shall as a business treat, operate on, or prescribe for any physical ailment of another, or who shall engage in any branch or specialty of the healing art, or who shall diagnose, cure, relieve in any degree, or profess or at-

tempt to diagnose, cure or relieve any human disease, ailment, defect, abnormality or complaint, whether of physical or mental origin, by attendance or by advice or by prescribing or using or furnishing any drug, appliance, manipulation, adjustment, or method, or by any therapeutic agent whatsoever."

3. The Third Question. Is the Act of 1920 unconstitutional in defining in the body of the Act the meaning of the words "practice medicine," contained in the title of the Act? The objection is raised under Article 3, § 17, of the Constitution, which requires every Act to relate to but one subject, expressed in its title. The purpose of the Act was to regulate the practice of medicine, which, as we have concluded, embraced chiropractic, the fact that the Act, in its body declares what was true in the absence of such declaration, was entirely germane, though perhaps unnecessary.

4. The Fourth Question. Is the Act of 1920 unconstitutional in prescribing capricious or unreasonable conditions upon the chiropractor in obtaining a license? It is conceded by the appellant that the State may, in the exercise of its police power, regulate the practice of medicine by such reasonable rules and regulations as are deemed necessary for the protection of the public; and we concede, in the language of the Supreme Court of the United States, in *Lawton v. Steel,* 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385:

"To justify the State in thus interposing its authority in behalf of the public, it must appear, first, that the interest of the public generally, as distinguished from those of a particular class, requires such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals. The Legislature may not, under the guise of protecting the public interests, ar-

bitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations."

The main ground upon which the alleged capricious and unreasonable features of the Act are urged is that the chiropractor is required to familiarize himself with certain subjects which have no place in his branch of the healing art, such as anatomy, physiology, hygiene, toxicology, minor surgery, medical jurisprudence, pediatrics, bacteriology and pathology.

Naturally the first step in the remedial process is diagnosis to find out what is the matter with the patient. To a layman's view, a familiarity with most, if not all, of the subjects named, is essential to a proper discharge of this initial process, and equally so to the administration of the proposed remedy. Whether they are or not, however, is not a judicial question. It has been so declared by the legislative authority, based, we must assume, upon bona fide scientific grounds, and the requirement does not present such evidence of caprice or unreasonableness as to justify a destruction of a plan devised for the protection of the public.

It is evident from what has been said that there was no error in excluding the evidence offered.

The judgment of this Court is that the judgment appealed from be affirmed.