MARY FRANCES MAZZUCCO AND GERALDINE PATTON McCLEL-
    LAND, PLAINTIFFS V. THE NORTH CAROLINA BOARD OF MEDI-
    CAL EXAMINERS, CONSISTING OF THE FOLLOWING INDIVIDUAL
    MEMBERS: DR. JOSEPH W. HOOPER, DR. BRYANT L. GALUSHA, DR. COR-
    NELIUS T. PATRICK, DR. VERNON W. TAYLOR, JR., DR. FRANK
    EDMONDSON, DR. E. WILSON STAUB, DR. CHARLES B. WILKERSON, JR.,
    AND MR. BRYANT D. PARIS, JR., DEFENDANTS

No. 7610SC326

(Filed 6 October 1976)

1. State § 4— action against Board of Medical Examiners — sovereign
   immunity
       An action for defamation against the N. C. Board of Medical
   Examiners, an agency of the State, was properly dismissed on the
   ground that the defense of sovereign immunity appeared on the face of
   the complaint.

2. Public Officers § 9— personal liability to individuals
       While no action lies against a public officer for an honest, though
   erroneous, exercise of his discretion, such officer may be made to re-
   spond in damages to an individual injured by a corrupt or malicious
   exercise of discretion.

3. Public Officers § 9; State § 4— members of Board of Medical Ex-
   aminers — alleged malicious conduct — sovereign immunity
       The defense of sovereign immunity was not available to individual
   members of the N. C. Board of Medical Examiners in a defamation
   action where plaintiffs alleged that the individual members acted
   maliciously and wantonly in defaming plaintiffs.

4. Libel and Slander § 11— absolute privilege — applicability to admin-
   istrative agency
       The privilege attending communications made in the course of
   judicial proceedings will be extended to protect communications in an
   administrative proceeding only where the administrative officer or
   agency is exercising a judicial or quasi-judicial function.

5. Libel and Slander § 11— Board of Medical Examiners — notice of
   charges against doctor — absolute privilege
       The doctrine of absolute privilege applied to protect individual
   members of the N. C. Board of Medical Examiners from an action for
   defamation based on statements in a notice of charges against a
   licensed doctor accusing the doctor of conspiracy with and subornation
   of plaintiffs to say falsely that they had heard a newspaper reporter
   attempt to extort money from the doctor.

APPEAL by plaintiffs from *Clark, Judge.* Judgment entered
18 December 1975 in Superior Court, WAKE County. Heard in
the Court of Appeals 1 September 1976.

In this action for defamation against The North Carolina Board of Medical Examiners and its individual members, plaintiffs allege that the defendant Board mailed to Dr. Harold Hoke in Charlotte a notice of charges dated 20 September 1974 as follows:

> "(12) On or about November 29, 1973, he [sic] complained to the Police Department of Charlotte that Bradley Martin (an Observer reporter) had attempted to extort from you the sum of Ten Thousand Dol'ars ($10,000.00) in exchange for his declining to publish a news story which Martin was preparing concerning your medical practice and activities, whereas in fact and in truth, Martin had not attempted to obtain any sum of money from you, and in an effort to support your contention that Martin had attempted to extort such sums from you, you conspired with and suborned two female employees to say and testify that they heard Martin request that you pay him money in exchange for his not publishing such story."

The complaint further alleges that though plaintiffs were not named as the two employees, their identity was known because of a newspaper account published in November, 1974. Plaintiffs also allege that the statements were made "maliciously, wantonly, knowingly, and intentionally."

In their answer defendants moved to dismiss for failure of the complaint to state a cause of action. From judgment dismissing the action plaintiffs appeal.

*William H. Elam for plaintiff appellants.*

*Smith, Anderson, Blount & Mitchell by John H. Anderson for defendant appellees.*

CLARK, Judge.

The defendants' motion under G.S. 1A-1, Rule 12(b)(6) to dismiss for failure of the complaint to state a claim upon which relief can be granted will only be allowed when, under former practice, a demurrer wou'd have been sustained because the complaint affirmatively discloses that the plaintiff had no cause of action against the defendant. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970); *Brown v. Brown,* 21 N.C. App. 435, 204 S.E. 2d 534 (1974).

The Board of Medical Examiners of the State of North Carolina was created by the General Assembly in 1859 "to properly regulate the practice of medicine and surgery." G.S. 90-2. These regulatory statutes now contained in Chap. 90, Art. 1, General Statutes of North Carolina, have been held to be a constitutional exercise of the police power of the State. *State v. Van Doran,* 109 N.C. 864, 14 S.E. 32 (1891) ; *State v. Call,* 121 N.C. 643, 28 S.E. 517 (1897) ; *State v. Siler,* 169 N.C. 314, 84 S.E. 1015 (1915) ; *Hoke v. Board of Medical Examiners,* 395 F. Supp. 357 (W.D. N.C. 1975).

The defendant Board was created by statute as an agency of the State. An action against an agency of the State is in fact an action against the State. *Insurance Co. v. Unemployment Compensation Comm.,* 217 N.C. 495, 8 S.E. 2d 619 (1940). It is settled law in this State that neither the State nor any of its institutions or agencies can be sued without its premission. *Insurance Co. v. Gold, Commissioner of Insurance,* 254 N.C. 168, 118 S.E. 2d 792 (1961) ; *Etheridge v. Graham, Comr. of Agriculture,* 14 N.C. App. 551, 188 S.E. 2d 551 (1972).

All defendants contend that the action should be dismissed because of the doctrine of sovereign immunity. Plaintiffs allege defamation, a cause of action in tort. Jurisdiction of tort claims against the State and its agencies is vested in the Industrial Commission under the Tort Claims Act, G.S. Chap. 143, Art. 31. But plaintiffs have no remedy under the Tort Claims Acts as it is applicable only to neglect acts of employees and other agents of the State. G.S. 143-291. Nor does this tort action come within the exception to the doctrine of sovereign immunity for contract actions recently announced in *Smith v. State,* 289 N.C. 303, 222 S.E. 2d 412 (1976), *affg* 23 N.C. App. 423, 209 S.E. 2d 336 (1974).

[1] We find that the action against the Board of Medical Examiners was properly dismissed on the ground that the defense of sovereign immunity appeared on the face of the complaint.

[2, 3] However, this defense cannot be applied to the individual defendants because of the allegations that they acted maliciously and wantonly. Where state officials exceed or abuse their lawful authority, and thereby violate or invade rights of others, in an action to redress these injuries, the State's immunity does not extend to them. 72 Am. Jur. 2d, States, Territories and Dependencies, § 115 (1974). No action lies against a public officer

for an honest exercise of his discretion, though erroneous, but for a corrupt or malicious exercise of discretion such officer may be made to respond in damages to an individual injured thereby. *State v. Swanson,* 223 N.C. 442, 27 S.E. 2d 122 (1943). The allegations in the complaint alleging that the individual members of the Board of Medical Examiners acted "maliciously, wantonly, knowingly and intentionally" without justification are sufficient to prevent the individual defendants from prevailing on the defense of sovereign immunity on a motion to dismiss under G.S. 1A-1, Rule 12(b)(6).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted the allegations of the complaint are taken as true. *Sutton v. Duke, supra.* A claim should not be dismissed under Rule 12(b)(6) unless it appears that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Clouse v. Motors, Inc.,* 14 N.C. App. 117, 187 S.E. 2d 398 (1972); Shuford, N. C. Civil Practice and Procedure, § 12-10 (1975).

All defendants also contend that the alleged defamatory statements are absolutely privileged. Absolute privilege attending communications made in the course of judicial proceedings was recognized at common law. *Bailey v. McGill,* 247 N.C. 286, 100 S.E. 2d 860 (1957); *Jarman v. Offutt,* 239 N.C. 468, 80 S.E. 2d 248 (1954). This common law immunity was extended to judges, prosecutors and witnesses. This absolute immunity applies only to actions for defamation and malicious prosecution, and the immunity is justified only insofar as is necessary to protect the judicial process. *Imbler v. Pachtman,* 424 U.S. 409, 44 U.S.L.W. 4250 (1976).

Judicial and prosecutorial immunity rests on the principle that if not so protected, our judicial and prosecutorial officers, even though honest and conscientious, would labor under the constant threat of civil suit and judicial proceedings would be seriously hindered. *Imbler v. Pachtman, supra; Bouligny, Inc. v. Steelworkers,* 270 N.C. 160, 154 S.E. 2d 344 (1967).

[4] The broad general principle deducible from the cases is that the privilege attending communications made in the course of judicial proceedings will be extended to protect communications in an administrative proceeding only where the administrative officer or agency, in the proceeding in question, is exercising a judicial or quasi-judicial function. Annot. 45 A.L.R. 2d

1296 (1956); 5 Strong, N. C. Index 2d, Libel and. Slander, § 11 (1968).

One of the first duties of government is the protection of public health. No other ·object sought by governmental laws is more important. The General Assembly of North Carolina in creating and conferring regulatory power upon the Board of Medical Examiners recognized this sovereign duty and acted upon it. The public policy which supports the doctrine of absolute privilege fully supports the application of the doctrine to the Board of Medical Examiners and the individual members in the performance of their quasi-judicial statutory duties.

[5]   G.S. 90-14.2 requires the Board of Medical Examiners to give to the licensee "a written notice indicating the general nature of the charges against him" before revoking, restricting, or suspending any license. This is certainly a quasi-judicial function. It is clear from the Complaint that the notice of charges containing the alleged defamatory statements was the notice required by G.S. 90-14.2. The charges included conspiracy with and subordination of two female employees ·to say falsely that they had heard a newspaperman attempt to extort money from the licensee. These allegations were relevant to the further charge that the licensee had falsely complained to the Police Department of Charlotte that the newspaperman had attempted to extort money from him in exchange for withholding from publication a news story relating to the licensee's medical activities. Both the false accusation about the newspaperman and the related conspiracy and subordination could constitute "unprofessional or dishonorable conduct" in violation of G.S. 90-14.

We find that the action against all defendants was properly dismissed on the ground that the defense of absolute privilege appeared on the face of the Complaint, and the judgment of the trial court is

Affirmed.

Judges MORRIS and VAUGHN concur.