***********
The undersigned have reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground receive further evidence or to rehear the parties or their representatives. Upon review of the evidence, the Full Commission affirms and modifies the Deputy Commissioner's Order and enters the following Decision and Order.
 *********** STATEMENT OF THE CASE
On 5 November 2001, this claim was brought in the North Carolina Industrial Commission under the Tort Claims Act against the North Carolina Psychology Board alleging negligence. On 12 December 2001, respondent filed a Motion to Dismiss pursuant to Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure. On 22 April 2003, Deputy Commissioner George T. Glenn, II heard oral arguments on the Motion to Dismiss. On 3 June 2003, Deputy Commissioner Glenn issued an Order dismissing the claim pursuant to Rule 12(b)(6). Claimant appeals.
 ***********
Based on the evidence, the Full Commission makes the following:
 FINDINGS OF FACT
1. The claimant, Donna Dillon-Stout, Ph.D., is licensed as a psychologist by the North Carolina Psychology Board (Board).
2. On 4 November 1998, a member of the public, Patrick Murphy, filed a complaint against claimant with the Board. Mr. Murphy alleged in his complaint that claimant had engaged in unethical conduct in her role as a psychologist.
3. Susan Loy, a staff psychologist to the Board, was assigned to investigate the complaint. Following Ms. Loy's investigation, the Board was presented with information obtained during the investigation.
4. Based upon that information, the Board issued a Statement of Charges enumerating four charges, which it sent to claimant on 2 June 1999.
5. In June 2000, the Board held a hearing to determine whether to take any action against claimant. The Board dismissed all four charges against claimant at the hearing and issued a Final Agency Decision on 10 October 2000.
6. In the Final Agency Decision, the Board concluded that claimant did not violate any statute or ethical principle and took no action against claimant's license to practice psychology. Claimant contends, however, that the Board did make negative findings concerning her conduct, made findings outside the scope of the record and their authority, and failed to allow her to present her entire defense.
7. On 13 November 2000, claimant filed a Petition for Judicial Review asking that some of the findings from the Board's Final Agency Decision be removed. The Board filed a Motion to Dismiss and Response to Petition for Judicial Review. The Board's Motion to Dismiss was heard and denied in Mecklenburg County Superior Court.
8. On 20-21 September 2001, the Board revised its Final Agency Decision and removed all of the findings to which claimant had objected.
9. On 17 October 2001, the Honorable James Morgan, Superior Court Judge Presiding, signed an Order, which was agreed to by the parties, discontinuing the matter from the calendar since there were no issues for the court to hear and consider.
10. On 13 November 2001, claimant filed this claim with the Industrial Commission, alleging that there was a violation of her right to due process because the Board did not allow her witnesses to testify on her behalf at the June 2000 hearing after it decided to dismiss the claims against her. Claimant also alleged that her due process right was infringed upon because the Board did not remove the objected to findings of fact until September 2001. In addition, claimant alleged that respondent negligently failed to appropriately investigate the complaint against her. Claimant asked for $500,000 for financial, professional, physical, marital, and emotional harm.
11. Respondent filed a Motion to Dismiss and Answer on 12 December 2001. It alleged that claimant's cause of action should be dismissed because of public official immunity and because no action was taken against claimant. Respondent attached a Request for Hearing on its Motion to Dismiss.
12. There were various motions and orders filed regarding discovery requests, sanctions, etc.
13. The parties appeared before Deputy Commissioner George T. Glenn, II for a hearing on the Motion to Dismiss on 22 April 2003. After the hearing, the deputy commissioner dismissed claimant's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. To prove negligence, a plaintiff must show that: "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." Bolkhir v. N.C. StateUniv., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. A complaint may be dismissed for failure to state a claim where: (1) the complaint on its face reveals that no law supports a plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats a plaintiff's claim. N.C. R. C.P. 12(b)(6),
3. A public official is one whose position is created by the N.C. Constitution or the N.C. General Statutes and exercises some portion of sovereign power and discretion. Mabrey v. Smith, 144 N.C. App. 119,548 S.E.2d 183 (2001). Public officials may only be held personally liable when their tortious conduct falls within one of the immunity exceptions: (a) the conduct is malicious; (b) the conduct is corrupt; or (c) the conduct is outside the scope of official authority. Epps v. DukeUniv., Inc., 122 N.C. App. 198, 205, 468 S.E.2d 846, 851-52, reviewdenied, 344 N.C. 436, 476 S.E.2d 115 (1996). Here, claimant failed to allege that the Board's conduct was malicious, corrupt or outside the scope of official authority. She only stated that the Board acted "negligently." Public officials are immune from liability for mere negligence. Thompson Cadillac-Oldsmobile, Inc. v. Silk Hope Automobile,Inc., 87 N.C. App. 467, 361 S.E.2d 418 (1987), disc. rev. denied,321 N.C. 480, 364 S.E.2d 672 (1988). Therefore, claimant did not properly state a claim against public officials that was actionable.
4. Even if claimant had correctly alleged a claim of negligence against respondent, she would not be entitled to damages because respondent correctly asserted defenses of public official immunity and quasi-judicial immunity, which would bar any recovery. See Collins v.North Carolina Parole Com'n, 344 N.C. 179, 473 S.E.2d 1 (1996); Mazzuccov. North Carolina Bd. of Medical Examiners, 31 N.C. App. 47, 228 S.E.2d 529
(1976).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claims case is DISMISSED.
2. Each side shall pay its own costs.
This the ___ day of January 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER