***********
1. This matter was set for oral arguments before the Full Commission on November 13, 2003 but was continued at the request of plaintiff's former attorney. The matter was reset to be heard by the Full Commission on February 17, 2004. The parties were not present for the scheduled oral arguments. Therefore, the Full Commission on its own motion waives oral argument pursuant to Industrial Commission Rule 701(8) and decides the case based upon the record, assignments of error and briefs.
2. The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Berger and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order except for minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the Deputy Commissioner hearings as:
 STIPULATIONS
1. The parties are subject to the jurisdiction of the Commission.
2. At the time of the action of which plaintiff complained she was a licensed practicing counselor licensed by the North Carolina Board of Licensed Professional Counselors, the named defendant in this tort claim.
3. Defendant's response to plaintiff's request for admissions was marked as stipulated exhibit 1 and received into evidence.
4. Defendant's response to plaintiff's first set of interrogatories was marked as stipulated exhibit 1 and received into evidence.
 *********** ADDITIONAL EXHIBITS
The following additional exhibits were received into evidence at the Deputy Commissioner hearing:
1. Plaintiff's transcripts from the St. Joseph School of Nursing marked as plaintiff's exhibit 1.
2. Plaintiff's results from the examination by the Michigan Board of Nurse Examiners marked as plaintiff's exhibit 2.
3. A copy of plaintiff's degree in nursing in the State of Michigan marked as plaintiff's exhibit 3.
4. Plaintiff's transcripts from the American Association of Nurse Anesthetists marked as plaintiff's exhibit 4.
5. A certificate from Hurley Hospital marked as plaintiff's exhibit 5.
6. A certificate of nurse registration from the State of Ohio marked as plaintiff's exhibit 6.
7. A certificate issued by the North Carolina Board of Nursing marked as plaintiff's exhibit 7.
8. A copy of plaintiff's Bachelor of Science degree from Columbia Pacific University marked as plaintiff's exhibit 8.
9. A February 12, 1986 letter by plaintiff to St. Joseph's Hospital marked as plaintiff's exhibit 9.
10. A certificate issued by the North Carolina Board of Registered Practicing Counselors marked as plaintiff's exhibit 10.
11. A June 7, 1994 letter from Lucinda Chew to the plaintiff marked as plaintiff's exhibit 11.
12. A September 14, 1995 letter from Evelyn B. Terry to Lucinda Chew marked as plaintiff's exhibit 13.
13. Provisions of the State of North Carolina Teachers' and State Employees' Comprehensive Major Medical Plan marked as plaintiff's exhibit 14.
14. An October 12, 1995 letter to plaintiff from Mary Edith Watkins marked as plaintiff's exhibit 15.
15. An October 2, 1995 letter to plaintiff from Mary Edith Watkins marked as plaintiff's exhibit 16.
16. An October 31, 1995 letter from Mary Watkins to plaintiff marked as plaintiff's exhibit 17.
17. A January 2, 1996 letter from Mary Watkins to plaintiff marked as plaintiff's exhibit 18.
18. A certificate issued by the National Board for Certified Counselors, Inc. marked as plaintiff's exhibit 21.
19. A certificate issued by the North Carolina Board of Licensed Professional Counselors on July 1, 1995 marked as plaintiff's exhibit 22.
20. A February 19, 1996 letter from Mary Watkins to plaintiff marked as plaintiff's exhibit 23.
21. A June 5, 1996 letter from Mary Watkins to plaintiff marked as plaintiff's exhibit 24.
22. A suspension order marked as plaintiff's exhibit 25.
23. A revocation order marked as plaintiff's exhibit 26.
24. A June 11, 1996 press release marked as plaintiff's exhibit 27.
25. A list of newspapers and other media outlets marked as plaintiff's exhibit 28. 26. A July 10, 1996 stay order marked as plaintiff's exhibit 29.
27. Minutes dated August 9, 1996 marked as plaintiff's exhibit 31.
28. Minutes dated October 4, 1996 marked as plaintiff's exhibit 32.
29. A December 21, 1996 Superior Court order marked as plaintiff's exhibit 33.
30. Plaintiff's 1992 1120S tax return marked as plaintiff's exhibit 34.
31. Plaintiff's 1993 1120S tax return marked as plaintiff's exhibit 35.
32. Plaintiff's 1994 1120S tax return marked as plaintiff's exhibit 36.
33. Plaintiff's 1995 1120S tax return marked as plaintiff's exhibit 37.
34. Plaintiff's 1996 1120S tax return marked as plaintiff's exhibit 38.
35. Plaintiff's 1997 1120S tax return marked as plaintiff's exhibit 39.
36. Plaintiff's 1998 1120S tax return marked as plaintiff's exhibit 40.
37. Plaintiff's 1999 1120S tax return marked as plaintiff's exhibit 41.
38. Plaintiff's 2000 1120S tax return marked as plaintiff's exhibit 42.
39. A National Board for Certified Counselors newsletter marked as plaintiff's exhibit 45.
40. An National Board for Certified Counselors News Notes marked as plaintiff's exhibit 46.
41. A February 28, 1996 letter from the NBCC marked as defendant's exhibit 1.
42. A March 6, 1996 letter from the NBCC marked as defendant's exhibit 2.
43. Guilford County court documents marked as defendant's exhibit 4.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's educational background includes the completion of nursing training at St. Joseph's School of Nursing in Flint, Michigan. After finishing St. Joseph's School of Nursing, plaintiff passed the Michigan nursing examination. On September 8, 1965, the State of Michigan Board of Nursing conferred on plaintiff a certificate as a registered nurse.
2. In April of 1969, plaintiff completed a course of study at Hurly Hospital that resulted in a certificate in anesthesia.
3. Plaintiff received a license as a registered nurse in Ohio. Plaintiff also received a license as a registered nurse in North Carolina on October 7, 1983.
4. In 1984, plaintiff received a B. S. degree from Columbia Pacific University.
5. On June 1, 1986, plaintiff satisfied all of the requirements and was duly registered as a registered practicing counselor by the North Carolina Board of Registered Practicing Counselors.
6. Beginning on July 1, 1994, all persons seeking to be licensed as a registered professional counselor by the North Carolina Board of Licensed Professional Counselors were required to have obtained a master's degree.
7. Because plaintiff was licensed prior to July 1, 1994, she was allowed by statute to remain a licensed professional counselor after that date even though she did not have a master's degree.
8. On July 1, 1995, plaintiff was licensed by the North Carolina Board of Licensed Professional Counselors and granted license number 412.
9. In a letter dated September 14, 1995, Evelyn Terry, General Counsel for the State of North Carolina Teachers' and State Employees' Comprehensive Major Medical Plan, requested that the North Carolina Board of Licensed Professional Counselors send information concerning proof of any relevant master's or higher degrees earned by plaintiff. Plaintiff had not provided this information to Ms. Terry even though she had been requested to do so.
10. On October 12, 1995, the North Carolina Board of Licensed Professional Counselors, through its chairman Mary Edith Watkins, wrote a letter to plaintiff requesting information regarding proof of any relevant master's degree earned by plaintiff. Plaintiff had not earned a master's degree subsequent to having been licensed as a professional counselor by the North Carolina Board of Licensed Professional Counselors.
11. Prior to June 1, 1996 plaintiff never responded to Ms. Watkins's inquiry.
12. On June 1, 1996, at a meeting held by the North Carolina Board of Licensed Professional Counselors, plaintiff's license to practice counseling was revoked. Plaintiff's license was principally revoked because the Board had no evidence that plaintiff had a master's degree. The Board was under the mistaken belief that plaintiff needed to have a master's degree in order to practice counseling. The Board should have known that plaintiff was not required to have such a degree in order to maintain her license to practice counseling.
13. On June 11, 1996 the North Carolina Board of Licensed Professional Counselors issued a press release reporting that plaintiff's license had been revoked. The press release reported that the revocation of plaintiff's license was due to the lack of official documentation of academic credentials. In the press release, there was no statement that plaintiff lacked the academic credentials to be licensed as a professional counselor. The content of the press release did not contain any false statements.
14. The purpose of sending the June 11, 1996 press release was to protect the public from utilizing the services of an individual who was no longer licensed to practice counseling in the State of North Carolina.
15. Copies of the June 11, 1996 press release were sent to many newspapers and television stations. Plaintiff was unable to present a news article or story from either a newspaper or television containing the content of the press release.
16. The North Carolina Board of Licensed Professional Counselors met on October 4, 1996 to review and consider its decision to rescind plaintiff's license. The Board decided that the absence of a master's degree was a significant factor in the Board's decision to revoke plaintiff's license. Because such a degree was not required for plaintiff to receive her license, the Board concluded that it had acted erroneously and reinstated plaintiff's license.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
Defendant Board is immune from the suit in this matter for its actions in revoking and suspending plaintiff's license and in its attempt to publish the results of the action to media outlets. The Board was carrying out quasi-judicial regulatory functions. Publication, to provide notice to the public to ensure that potential clients and referring agencies do not rely on past or present representations that a person is a licensed professional counselor, is part of this function. Administrative officials enjoy immunity in the performance of judicial and quasi-judicial duties.Mazzucco v, Board of Medical Examiners, 31 N.C. App. 47, 238 S.E.2d 529
(1976).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusion of law the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for damages resulting from negligent defamatory statements is HEREBY DENIED.
2. Each side shall pay its own costs.
This 25th day of February, 2004.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/________________ PAMELA THORP YOUNG COMMISSIONER