STATE v. J. J. HICKS.

(Filed May 27, 1907).

*Indictment—License to Practise Dentistry—Legislature— Constitutional Law—Burden of Proof—Evidence.*

1. The Legislature has constitutional authority to regulate the practice of dentistry under Revisal, sec. 4468, forbidding any person to practise who has not graduated at a reputable dental school and received a certificate of proficiency or qualification from the Board of Dental Examiners, etc.; under section 4470, making the requirements inapplicable to any person who was a dental practitioner in this State before 7 March, 1879, if on or before 25 February, 1890, he should file a verified statement with the Board of Dental Examiners showing his name, residence, date of diploma or license, and date of commencing practise here; under section 3642, making it a misdemeanor to practise dentistry without first having passed the required examination and received the certificate.

2. While Revisal, secs. 4468, 4470, and 3642, are of a penal nature and strictly construed, they will receive a reasonable interpretation to discover their intent; the burden of proof is upon the defendant to show he came under the provision of Revisal, sec. 4470, and in the absence of evidence that he practised dentistry in the State before the specified time, or had filed the required statement, having admitted that he had not passed the requisite examination or received the certificate, a motion to quash the indictment is properly refused.

3. The defendant, under an indictment for practising dentistry without complying with the statute, is not excused because the designated officers had not furnished, as required of them, blanks upon which to make the statement under Revisal, sec. 4470, if he has not substantially complied with the provisions of the statute in making his statement without having the blanks.

4. Time for filing the statement to practise dentistry under sec. 4470, Revisal, is not of the essence of the enactment; by a present compliance therewith the defendant will be entitled to a certificate to be registered under Revisal, sec. 4468, and thus become lawfully qualified to continue the practise of his profession.

THIS was a criminal action, tried before his Honor, *Ward, J.,* and a jury, at March Term, 1907, of the Superior Court of CLEVELAND County.

143—44

The defendant was prosecuted in the Court below upon a warrant issued by a justice of the peace charging him with having, in October, 1906, "unlawfully and wilfully practised dentistry without having passed the examination and obtained the certificate required by law, contrary to the form of the statute." He was convicted by the justice, and appealed to the Superior Court. There the defendant moved to quash the warrant because, first, the act of the Legislature under which it was issued is unconstitutional, and, second, it is not alleged that the defendant was not engaged in the practice of dentistry in this State before March 7, 1879. The warrant was amended by permission of the Court so as to meet the last objection, and the motion to quash was then overruled.

It was admitted that the defendant had not passed an examination before the State Board of Dental Examiners and received a certificate. There was evidence tending to show that he was engaged in the practice of dentistry in Catawba County, where he resided, and in other counties of this State on and prior to 7 March, 1879, and had continuously since been so engaged, and was practising in Cleveland County at the time mentioned in the warrant. There was also evidence tending to show that he was not so engaged before the year 1884. Evidence was also introduced which tended to prove that the defendant went with his attorney to the office of the Clerk of the Superior Court of Catawba County, where he resided, on 15 July, 1889, and made and filed with the Clerk an affidavit to the effect that he was lawfully engaged in the practice of dentistry before 3 March, 1887, in said county, and that he paid the Clerk his fee for a transcript of the same. This affidavit was filed in a book known as the Registry of Dentists. It was further in evidence that blanks for registration had not been furnished to

the Clerk by the State Board of Examiners, as required by law.

At the close of the testimony the Court charged the jury that if they believed the evidence and were satisfied beyond a reasonable doubt of the existence of all the facts testified to by the witnesses, they should convict the defendant. The jury returned a verdict of guilty; judgment was entered thereon, and the defendant appealed, having duly reserved his exception to the charge of the Court.

*Hayden Clement* and *B. C. Beckwith* for the State.
*Quinn & Hamrick* and *T. M. Hufham* for defendant.

WALKER, J., after stating the case: The course of legislation upon the subject of dentistry has been somewhat eccentric. The Acts of 1879, ch. 139, made it unlawful and a misdemeanor for any person but an authorized physician and surgeon to practise dentistry, unless he had graduated and received a diploma from some reputable dental institution or had received a certificate from the Board of Examiners of the State Dental Society. Persons who had engaged in the practice of dentistry prior to the ratification of the Act of 7 March, 1879, were excepted from its operation. The provisions of that law were inserted substantially in The Code of 1883, and will be found in secs. 3148 to 3156, inclusive. The Legislature, on 3 March, 1887 (Acts 1887, ch. 178, sec. 4), amended the law by requiring all dentists within six months from the ratification of the act to be registered as therein provided with the Secretary of the State Board of Dental Examiners in a book for the purpose, and also specially required that the registration should follow a form to be prescribed by the said board, which should, upon application, provide blanks prepared by it. It was also required that the secretary of the board should furnish a certified list of those who had registered to the Clerk of the

Superior Court of each county, to be entered by him in a book or registry kept for the purpose. Failure to register as required by the act was made unlawful and a misdemeanor. The Acts of 1889, ch. 238, extended the time allowed for registration twelve months from the date of its ratification, which was 25 February, 1889, or until 25 February, 1900, and then provided as follows: "The State Board of Examiners shall within the above-prescribed time forward the necessary blanks for registration to the Clerks of the Superior Courts of the respective counties, whose duty is shall be to notify all persons practising dentistry of the said requirements in said counties." There were other amendments of the law not material to the point discussed in this case. The substance of the law was inserted in the Revisal of 1905 as secs. 4468, 4469, 4470, 3642, and 3643, except that sec. 4, ch. 178, Acts of 1887, does not seem to have been brought forward, though a somewhat similar enactment in regard to physicians and surgeons is to be found in the Revisal as sec. 3646. The omission of that section of the Act of 1887 is perhaps substantially supplied by other sections of the Revisal already mentioned. Section 4468 of the Revisal forbids any person to practise dentistry who has not graduated at a reputable dental school and who has not received a certificate of proficiency or qualification from the Board of Examiners. This certificate must be registered, and a failure to have it registered works a forfeiture of the certificate, which will not be restored except upon the payment of a penalty of twenty dollars to the board for the general school fund. Section 4470 provides that section 4468 shall not apply to any person who was a dental practitioner in this State before 7 March, 1879, if on or before 25 February, 1890, he had filed a verified statement with the Board of Dental Examiners showing his name, residence, date of diploma or license, and date of commencing the practice of dentistry. Section

3642 makes it a misdemeanor to practise dentistry without having first passed the required examination and received a certificate. This is the substance of what has been done in the way of securing the proficiency of those engaged in the practice of dentistry. Legislation of a similar kind has been held to be valid in several comparatively recent decisions of this Court. *State v. Call,* 121 N. C., 643; *State v. Mc-Knight,* 131 N. C., 717; *State v. Briggs,* 133 N. C., 729; *Eubank v. Turner,* 134 N. C., 77. This disposes of the defendant's first objection raised by his motion to quash. The other objection was fully answered by the order of the Court amending the warrant.

The offense denounced by the statute as criminal is practising dentistry without having first passed an examination and received a certificate as provided by law. Revisal, sec. 3642. It is, then, a violation of section 4468 that is made a misdemeanor, and the subsequent section (4470) was intended to segregate all those who had practised dentistry prior to 7 March, 1879, into a distinct class and except them from the operation of section 4468, and consequently from the penal provision of section 3642, if (or provided that) they had complied with the Acts of 1887, ch. 178, sec. 4, by filing a verified statement with the secretary of the Board of Dental Examiners on or before 25 February, 1890. This is the plain meaning of the law, and while of a penal nature and to be construed strictly, yet it must at the same time receive a reasonable interpretation so as to discover the real intention of the Legislature and to execute its will. If any hardship results, it is not of our making. Under this construction and the relative position of the several sections we have mentioned, the settled rule of law is that "the excepted cases need not be negatived in the indictment or warrant, nor is proof required to be made in the first instance on the part of the prosecution. In such circumstances, a defendant

charged with the crime, who seeks protection by reason of the exception, has the burden of proving that he comes within the same." *State v. Connor,* 142 N. C., 700. This principle, as thus clearly stated by *Justice Hoke* in that case, is elementary, and its application to a case like the one we now have in hand was not doubted by any of the Judges, although there were dissenting views expressed. We were all agreed as to that principle. See also *State v. Norman,* 13 N. C., 222; *State v. Tomlinson,* 77 N. C., 528; *State v. Heaton,* 81 N. C., 542; *State v. Lanier,* 38 N. C., 658; *State v. George,* 93 N. C., 567; *State v. Downs,* 116 N. C., 1064; *State v. Call,* 121 N. C., 649; *State v. Welch,* 129 N. C., 580; *State v. Blackley,* 138 N. C., 622. The burden was therefore on the defendant, if he claimed exemption from the general provision of the law, to show that he had practised before 7 March, 1879, and *also* that he had complied with the law as to filing a statement with the secretary of the Board of Examiners as required by section 4470 of the Revisal. There was no evidence that he did this, but it was proved by himself that he had filed merely an affidavit with the Clerk of the Superior Court, and not with the secretary of the board, and the affidavit did not in its terms conform to the statute. It did not state the place of his residence, nor did it state the material and essential fact, namely, the date when he commenced the practise of his profession. So that he has wholly failed in these respects to bring himself within the exemption of section 4470.

But he assigns as an excuse for non-compliance, that the board was required to prescribe the manner of verifying the statement required to be filed by him and the secretary to furnish a blank upon which it could be made (Acts 1887, ch. 178, sec. 3; Acts 1889, ch. 228, sec. 2), neither of which duties was performed by the officers designated. We would accept this as a valid, legal excuse, if he had filed a properly

worded written statement with the secretary of the board. The statute states clearly what the statement shall contain, and it was easy for him to have complied with it. But he did not do so, or attempt to do so. The authorities are to the effect that he had no right to practise simply because the officers had not performed their duty, as they could have been compelled by *mandamus* to do so. Their failure to comply with the law, in the language of *Brickell, C. J.,* "affords to the appellant no excuse or justification for continuing to do business without the license." *Phœnix Carpet Co. v. State,* 118 Ala., 143-154. The principle has been recognized as sound in its application to mere police regulations having no connection with the fiscal affairs of the government, in the celebrated case of *Royall v. Virginia,* 116 U. S., 572, especially at pages 579, 580, and 582. *Lord v. Jones,* 24 Me., 439. Our case is stronger against the defendant than any of those we have cited, as here the defendant could have substantially complied with the law, as we have said, by filing his own statement in writing with the secretary.

A case which seems to be directly in point is *Gosnell v. State,* 52 Ark., 228. The statute therein construed related to the practice of dentistry, and was much like our act in its phraseology, except as to the furnishing of blanks; but under our construction of the Act of 1889 that is not a material difference. That case also affirms the constitutionality of the legislation. The opinion of hte Court closes as follows: "'It is competent for the Legislature to regulate the practice of dentistry and dental surgery in such way as will not deprive the citizens of the right to follow a lawful avocation. While it was and is unlawful to practise dentistry or dental surgery after the lapse of three months from the passage of the act, without the requisite certificate, the appellant may make his application and proof that he was practising at the date of the passage of the act, and thereupon he will be entitled

to a certificate authorizing him to practise." Following the suggestion there made, and as it appears to us, that the time of filing the necessary statement with the secretary of the dental board is not of the essence of the statutory requirement, but is, in its nature, directory, if the defendant shall file a statement conforming to the directions of section 4470 of the Revisal, he will be entitled to a certificate to be registered, as required by section 4468, and upon thus complying with the law he will be lawfully qualified to continue the practice of his profession. That the provision as to the time was not regarded by the Legislature as vital to the protection of the people from quacks and empirics, or of any great importance in determining the right to practise, appears from the fact that from March, 1879, to March, 1887— eighteen years—no such certificate or registration was required, but the exemption was general and unconditional as to those who had practised before 7 March, 1879, for The Code, sec. 3156, provided that it should be. We must hold that time is not of the essence of the enactment, for if it was the law would oppressive, if not unconstitutional, as depriving the defendant of all right to practise.

The defendant, having admitted that he had not passed the requisite examination and received a certificate from the State Board of Dental Examiners, was guilty, unless he came within the exemption, and of this there was no evidence, as we have shown.

No Error.