DR. T. A. ALLEN v. DR. H. C. CARR, DR. W. F. BELL, DR. R. F. JARRETT, DR. E. B. HOWLE, DR. C. E. MINGES, AND DR. C. C. POINDEXTER, INDIVIDUALLY, AND AS NORTH CAROLINA BOARD OF DENTAL EXAMINERS.

(Filed 14 October, 1936.)

**1. Constitutional Law C c: Physicians and Surgeons A b—State may regulate practice of dentistry in exercise of police power.**

Public Laws of 1935, ch. 66, sec. 11, providing that a licensed dentist who shall have retired, or who shall have moved to another state and thereafter returned to this State, shall stand and pass an examination by the State Board of Dental Examiners as to his proficiency in the profession of dentistry, and shall show good moral character, before issuance of license to resume practice in this State, *is held* constitutional and valid as an exercise of the police power of the State for the good and welfare of the people.

**2. Constitutional Law G a: G d—Act requiring second examination before issuance of license to resume practice of dentistry held not to deny equal protection of laws or to confer exclusive privileges.**

Plaintiff was licensed by the State Board of Dental Examiners. Thereafter, plaintiff moved from the State and failed to renew his license here, but practiced his profession successively in two other states after having been examined and licensed by them. Plaintiff then returned to this State, but license to resume practice here was refused after examination by the State Board of Dental Examiners for plaintiff's failure to show the required proficiency in the profession of dentistry. Plaintiff sought *mandamus* to compel the issuance of license, contending that ch. 66, sec. 11, Public Laws of 1935, under which the second examination was required, was unconstitutional in that it denied plaintiff the equal protection of the laws (Fourteenth Amendment to the Federal Constitution), abridged the privileges and immunities of plaintiff as a citizen of the United States (Federal Constitution, Art. IV, sec. 2), and conferred

17—210

exclusive emoluments and privileges in violation of Art. I, sec. 7, of the State Constitution, it appearing that plaintiff had continuously practiced his profession since his first license was issued, and plaintiff contending that to require a second examination of him while no second examination is required of those practicing the profession continuously within the State, violated his constitutional rights. *Held:* Plaintiff's contentions cannot be sustained, since the act bears alike upon all classes referred to therein and does not discriminate against plaintiff.

3. **Physicians and Surgeons A b—Licensed dentist who moves from State must obtain license to resume practice upon return to this State.**

A dentist licensed by the State Board of Dental Examiners, who thereafter moves from this State and practices his profession successively in other states, upon examination and license by them, and then returns to this State, must obtain a license to resume practice here by passing a second examination by the State Board of Dental Examiners, although such dentist has continuously practiced dentistry since he was first licensed by the State Board. Ch. 66, sec. 11, Public Laws of 1935.

4. **Same: Mandamus A d—While mandamus will lie to compel exercise of discretionary power, it does not lie to control course of action.**

Plaintiff sought to compel defendant Board of Dental Examiners to issue license to him to resume the practice of dentistry. The court found as a fact that the board had refused to issue such license upon its finding after examination that plaintiff had failed to show satisfactory proficiency in the profession of dentistry, and had refused to issue the license in the exercise of its judgment and discretion, and had not arbitrarily abused its discretion. Ch. 66, sec. 11, Public Laws of 1935. *Held: Mandamus* will not lie to control the decision of the board in the exercise of its discretionary power, the extent of *mandamus* in such cases being limited to compel the exercise of the discretionary power, but not to control the decision reached in its exercise.

APPEAL by plaintiff from *Sink, J.,* 2 September, 1936. From HENDERSON. Affirmed.

This was an application for writ of *mandamus,* commenced by plaintiff against defendants, members of the N. C. Board of Dental Examiners, requiring and compelling them to issue a renewal of plaintiff's license to practice dentistry in North Carolina.

The court below found the following facts, and rendered judgment thereon:

"1. That summons herein was issued on 18 August, 1936, and served upon each of the members of the North Carolina State Board of Dental Examiners.

"2. That the plaintiff, upon the completion of a three-year period, graduated with the degree of Doctor of Dental Surgery from the Atlanta Dental College, of Atlanta, Ga., on 23 April, 1897.

"3. That on 11 May, 1897, the plaintiff, having taken the prescribed examination of the defendant board, and having been found proficient and fit, was granted license No. 95 on 11 May, 1897, and soon thereafter

began the practice of dentistry in Haywood County, where, on 1 July, 1897, his license No. 95 was recorded in Book of Licensed Dentists, page 11.

"4. That in the year 1899 the plaintiff gave up his practice in Haywood County, North Carolina, and went to the State of Colorado, where he appeared before the dental examiners of that State, from which he procured license under which he practiced dentistry in the State of Colorado until the year 1910.

"5. That in the year 1910 the plaintiff gave up his practice in the State of Colorado and removed to the State of Tennessee, where he applied to the State Board of Dental Examiners of Tennessee for license, and having taken and successfully passed the examination prescribed on 7 June, 1910, he was issued a license to practice the profession of dentistry in the State of Tennessee, where he practiced his profession until February, 1936.

"6. That in February, 1936, the plaintiff returned to the State of North Carolina and made inquiry of the defendant board as to the steps he should take to have his North Carolina dental license of 1897 renewed, and was advised that it would be necessary for him to appear before said board and stand an examination, as required by section 11, chapter 66, Public Laws of 1935; that certain forms were furnished to the plaintiff, which he properly executed and returned to the secretary of the board, together with the sum of $10.00, being the fee required by said board upon his application.

"7. That the plaintiff was advised to appear before the defendant board on 22 June, 1936, upon which day he did appear for the purpose of submitting to the examination prescribed by the board; that the board gave to the plaintiff a clinical examination; that is, an examination in the mechanics of dentistry, and upon the examination the plaintiff did not make a satisfactory showing to said board of his proficiency in the profession of dentistry.

"8. That upon the failure of the plaintiff, upon the examination on 22 June, 1936, to make a satisfactory showing to the defendant board of his proficiency in the profession of dentistry, the said defendant board, by official action, upon vote of the entire membership, denied the application of the plaintiff for the issuance of a license to resume the practice of dentistry in North Carolina; and said plaintiff received due notice of said denial.

"9. That at the time the plaintiff undertook the clinical examination prescribed for him by the defendant board, and at the time it denied to the plaintiff license to resume the practice of dentistry in North Carolina, the defendant board did not give any consideration as to the moral character of the plaintiff.

"10. That the plaintiff has not, at any time, renewed his license under section 11, chapter 178, Public Laws of 1915, and has paid no fee and made no application for the restoration of his license as required by said section.

"11. That the plaintiff has practiced his profession continuously and without interruption from 1 July, 1897, to 1 February, 1936, and upon examination was granted license by the North Carolina Board of Dental Examiners in 1897; by the Board of Dental Examiners of the State of Colorado in 1899; and by the Board of Dental Examiners of the State of Tennessee in 1910, and that the license issued to him by the Board of Dental Examiners of the State of Tennessee has been renewed and is in full force and effect until 30 June, 1937.

"12. That section 11, chapter 66, Public Laws of 1935, required the plaintiff to apply to the defendant board for a license to resume the practice of dentistry in North Carolina, and authorized the defendant board to grant such license upon a satisfactory showing to said board of his proficiency in the profession of dentistry, and his good moral character during the period of his retirement; that said examination was duly given and the defendant board, within its authority and power and in the proper exercise of the duties and obligations imposed upon it by law, and in the exercise of its discretion, found that the plaintiff has not made, upon his examination, a satisfactory showing of his proficiency in the profession of dentistry; that without considering further facts as permitted under the act, said defendant board, in the proper exercise of its duties and obligations under said act, and pursuant to its judgment and discretion, denied to the plaintiff a license to resume the practice of dentistry in North Carolina.

"Upon the foregoing facts, it is the judgment of this court that the plaintiff is not entitled to the relief sought herein, and, upon motion of the defendants, the application of plaintiff for *mandamus* is denied, and this action is dismissed.    This 2 September, 1936.

H. HOYLE SINK, *Judge,*
*Holding the Courts of the 18th Judicial District."*

To the signing of the foregoing judgment denying the application for the writ of *mandamus,* the plaintiff, in apt time, excepted, assigned error, and appealed to the Supreme Court.

*R. L. Whitmire for plaintiff.*
*I. M. Bailey for defendants.*

CLARKSON, J.   The facts found by the court below fully set forth this controversy, and on them we think plaintiff's application for *mandamus* to renew his license to practice dentistry properly denied.

Public Laws 1935, ch. 66, sec. 11, is as follows: "Any person who shall have been licensed by the North Carolina State Board of Dental Examiners to practice dentistry in this State who shall have retired from practice or who shall have moved from the State and shall have returned to the State, may, upon a satisfactory showing to said board of his proficiency in the profession of dentistry and his good moral character during the period of his retirement, be granted by said board a license to resume the practice of dentistry upon making application to the said board in such form as it may require and upon the payment of the fee of ten dollars. The license to resume practice, after issuance thereof, shall be subject to all the provisions of this act."

The plaintiff contends that the above section is unconstitutional, on the following grounds: "That in requiring this plaintiff, who has been duly licensed to practice dentistry in North Carolina, to take a second examination while all other dentists in the State are required to take only one examination, section 11 of the Act of 1935 is unconstitutional, in that it denies the plaintiff the equal protection of the laws of North Carolina and is in direct conflict with the 14th Amendment of the Constitution of the United States. Said section of said act is also unconstitutional, in that it abridges the privileges and immunities of the citizens of the United States and is in direct conflict with the 14th Amendment to the Constitution of the United States, and is further in conflict with section 2, Article IV, of the Constitution of the United States. That section 11 of the Act of 1935, which authorizes the defendant board to require two examinations of this plaintiff while all other dentists are only required to undergo one examination is void and unconstitutional, in that it confers upon other dentists exclusive emoluments and privileges, and is, therefore, forbidden by section 7, Article I, of the Constitution of North Carolina. Said act of the Legislature and said act of defendant board is also unlawful and void, in that the plaintiff is deprived of a substantial property right other than by the law of the land, and is, therefore, in conflict with section 17, Article I, of the Constitution of the State of North Carolina. Said act of the Legislature and said act of the defendant board are likewise in conflict with sections 30 and 31 of the Constitution of the State of North Carolina."

Plaintiff also contends: "That if it should be decided that section 11 of the Act of 1935 is not in conflict with those sections of the Constitution of the United States and the Constitution of North Carolina, as hereinbefore alleged, then said section of said act has no application to plaintiff, in that he has never retired from the practice of dentistry, but has been engaged in said practice continuously and without interruption since he was first licensed by the defendant board in the year 1897."

We do not think that either of plaintiff's contentions can be sustained. The act is, we think, constitutional in all respects. The plaintiff was

duly licensed to practice dentistry on 11 May, 1897. In 1899 plaintiff left this State and did not return to North Carolina until about 1 February, 1936. He is now residing in Henderson County, N. C. Plaintiff has failed to renew his license as required by Public Laws 1915, chapter 178, sec. 11, he does not now hold any license to practice dentistry in North Carolina, and the Act of 1935 provides the process by which he may be granted license to resume the practice of dentistry in North Carolina. *Mann v. N. C. State Board of Examiners in Optometry et al.,* 206 N. C., 853.

The Supreme Court of the United States, in *Graves v. State of Minn.,* 272 U. S., 425 (427), citing numerous authorities, says: "It is well settled that a state may, consistently with the 14th Amendment, prescribe that only persons possessing the reasonably necessary qualifications of learning and skill shall practice medicine or dentistry."

The principle is well settled in this jurisdiction by a wealth of authorities. *S. v. Van Doran,* 109 N. C., 864; *S. v. Call,* 121 N. C., 643; *S. v. Lockey,* 198 N. C., 557 (Barber's Act). The plaintiff, in conformity with the act of the General Assembly of 1935, filed his application to renew his license, and stood the examination required of him by the act. In doing this, we think, from his leaving the State and returning, that the construction he put on the act was correct and his complaint now is no defense. The court below found: "That said examination was duly given and the defendant board, within its authority and power and in the proper exercise of the duties and obligations imposed upon it by law, and in the exercise of its discretion, found that the plaintiff has not made, upon his examination, a satisfactory showing of his proficiency in the profession of dentistry; that without considering further facts, as permitted under the act, said defendant board, in the proper exercise of its duties and obligations under said act, and pursuant to its judgment and discretion, denied to the plaintiff a license to resume the practice of dentistry in North Carolina."

In *S. v. Hicks,* 143 N. C., 689, it is held (1st headnote) : "The Legislature has constitutional authority to regulate the practice of dentistry under Revisal, sec. 4468, forbidding any person to practice who has not graduated at a reputable dental school and received a certificate of proficiency or qualification from the Board of Dental Examiners, etc.; under section 4470, making the requirements inapplicable to any person who was a dental practitioner in this State before 7 March, 1879, if or before 25 February, 1890, he should file a verified statement with the Board of Dental Examiners showing his name, residence, date of diploma or license, and date of commencing practice here; under section 3642, making it a misdemeanor to practice dentistry without first having passed the required examination and received the certificate."

The provisions of section 11, chapter 66, Public Laws 1935, bear alike upon all classes of persons referred to therein, and the requirement made by the board that the plaintiff make to it a satisfactory showing of his proficiency in the profession of dentistry is no discrimination against the plaintiff. We think that the facts bring plaintiff in the clear language of the act, and the act is constitutional and within the police power of the State to enact for the good and welfare of the State.

There is no finding of fact that the defendants, N. C. Board of Dental Examiners, arbitrarily abused its discretion, or in bad faith exercised its discretion, but refused the plaintiff license on the ground that plaintiff had not shown his proficiency in the profession of dentistry.

We do not think that the writ of *mandamus* should issue, and we think the case of *Ewbank v. Turner,* 134 N. C., 77 (83), is in point, as follows: "The law-making power having entrusted such examination to the board thus constituted, and required that the examination shall be satisfactory to them, and such requirements being reasonable and in violation of no constitutional provision, the courts cannot intervene and direct the board to issue a certificate to one who the majority of the board have held has not passed a satisfactory examination because upon the examination of experts the court or jury might think the examination of the plaintiff ought to have been satisfactory to the board. This is a matter resting in the conscience and judgment of the board, under the provisions of the law, and the courts cannot by a *mandamus* compel them to certify contrary to what they have declared to be the truth. Had the board refused to examine the applicant upon his compliance with the regulations, the court could by *mandamus* compel them to examine him, but not to issue him a certificate when the preliminary qualification required by law, that the applicant shall be found proficient and competent by the examining board, is lacking. *Burton v. Furman,* 115 N. C., 166; *Loughran v. Hickory,* 129 N. C., 281." *Barnes v. Comrs.,* 135 N. C., 27; *Edgerton v. Kirby,* 156 N. C., 347.

In 18 R. C. L., *"Mandamus,"* part sec. 38, page 124, we find: "It is a well recognized rule that where the performance of an official duty or act involves the exercise of judgment or discretion, the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter; he can only be directed to act, leaving the matter as to what particular action he will take to his determination. Therefore, where an officer, in the exercise of a discretionary power, has considered and determined what his course of action is to be, he has exercised his discretion, and his action is not subject to review or control of *mandamus*."

For the reasons given, the judgment of the court below is
Affirmed.