## 17972

Dr. John Claude McCOY, Respondent, v. Dr. H. A. McANINCH, Chairman, Dr. J. D. Hill, Dr. C. W. Clark, and Dr. George R. Wilkinson, Constituting the State Board of Podiatry Examiners, Appellant.

(127 S. E. (2d) 620)

*Messrs. Daniel R. McLeod, Attorney General,* and *William L. Pope* and *Clarence T. Goolsby, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. Thomas W. Whiteside* and *T. Louis Cox,* of Spartanburg, *for Respondent,*

October 8, 1962

BRAILSFORD, Justice.

In this proceeding for a writ of mandamus against the South Carolina Board of Podiatry Examiners, the County Court of Spartanburg County adjudged that the petitioner, John Claude McCoy, is entitled to practice podiatry in this State by virtue of a license issued to him on January 1, 1936, and ordered that the Board accept an annual renewal fee from him and recognize him as a licensed practitioner. Petitioner was licensed as a chiropodist in 1936 under the Act of 1935, Sections 56-301 through 56-322, Code of 1952. This Act established a Board of Chiropody Examiners, provided for the qualifications, examination and admission of such applicants as the Board found to be qualified, and required the payment of an initial fee and an annual renewal fee by every person licensed to practice. The Act also authorized the revocation of licenses for misconduct, after notice and an opportunity to be heard.

In December of 1942, petitioner was notified in writing by the Board that his license to practice chiropody had been revoked because of his "conviction for fraud practiced upon a patient, together with other unethical acts from time to time of which the Board is in full possession of the facts." Petitioner accepted the return of the renewal fee, which he had tendered to the Board, and quit the pratice of chiropody. He moved to North Carolina, where he engaged in other business until November of 1960, when he applied for a renewal of his license.

The conviction referred to in the 1942 revocation notice was in a magistrate's court on the charge of having obtained money by false prentenses. This conviction was reversed in 1945, upon the ground that alleged misrepresentation rested upon a promise to do something in the future, which would not support a conviction under the statute.

By an act approved May 16, 1960, before petitioner applied for a renewal of his license, the chiropody regulations were revised. Act No. 738 for 1960, Sections 56-301-56-324. 1952 Code Supplement. Among other amendments, the name of the regulated profession was changed from chiropody to podiatry; the Board of Chiropody Examiners was abolished and a Board of Podiatry Examiners was created. This Board is appellant here.

The lower court held that the attempted revocation of petitioner's license in 1942 was invalid, because he was not given notice and an opportunity to be heard on the charges against him. Therefore, "he is still a podiatrist and has the right to receive or retain his license upon the payment of the annual renewal fee."

Conceding that the 1942 revocation was illegal, the question remains whether there was a clear legal duty on appellant to grant the 1960 application "for reissuance or reinstatement" of petitioner's license. Otherwise, mandamus will not lie. 55 C. J. S., Mandamus, § 64; 34 Am. Jur., Mandamus, Section 62.

The Act of 1960, which defines the duties of the Board of Podiatry Examiners and controls petitioners' rights, does not expressly recognize licenses granted under the prior act, nor expressly exempt any applicant from required proof of qualifications and examination. It requires that "any person desiring to enter upon the practice of podiatry in this State shall" file an application for an examination, with satisfactory proof that he possesses the statutory qualifications. Sec. 56-305, 1952 Code Supplement. Perhaps the quoted language may be construed as impliedly exempting persons

engaged in the regulated practice at the time of the passage of the Act and authorizing the renewal of their licenses without proof of qualifications and examination. Being engaged in the practice, they would not be persons desiring to enter upon it. On the other hand, petitioner, having resided in North Carolina and having followed another occupation for some 18 years prior to the passage of the Act and the filing of his application, is within the class of persons "desiring to enter upon the practice of podiatry in this State." As a member of this class, he is required to satisfy the Board of his qualifications and competency in the prescribed manner. His former status gives him no constitutional right to exemption from these requirements (*Allen v. Carr,* 210 N. C. 513, 187 S. E. 809), and the Act does not exempt him. He is entitled to enter upon the practice of podiatry in his State only after meeting the statutory requirements and satisfying the Board of his competency. This he has not done. It follows that the Board owed no clear legal duty to act favorably on petitioner's application for reinstatement of his license and the court below erred in granting mandamus.

Reversed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.